A90A0686. JENKINS v. GENERAL HOSPITALS OF HUMANA, INC. et al.
(395 SE2d 396)

McMURRAY, Presiding Judge.

This is the second appearance before this court of this dispute between plaintiff Jenkins, a physician, and defendant General Hospitals of Humana, Inc. ("Humana"). The action was initiated by plaintiff Jenkins via a six-count complaint against two corporate and 12 individual defendants. Plaintiff voluntarily dismissed his action against one corporate and ten individual defendants.

A jury trial was held to determine the issues raised by Count 6 of plaintiff's complaint seeking a declaratory judgment in regard to the validity of a lease agreement. A valid oral lease was found to exist and plaintiff was also awarded $15,000 from defendant Humana for attorney fees and expenses of litigation. On appeal of the declaratory judgment, this Court upheld the determination that a binding oral lease was in effect, but reversed the award of attorney fees and expenses of litigation. *General Hosp. of Humana v. Jenkins*, 188 Ga. App. 825 (374 SE2d 739).

Upon remand to the superior court, the motions for summary judgment as to the remaining issues of defendants Humana and Jack D. Davis were granted. Plaintiff appeals from the grant of summary judgment in favor of Humana and in favor of Davis, who was sued individually and in his capacity as Executive Director of Humana Hospital-Newnan which is operated by defendant Humana. Plaintiff having abandoned his restraint of trade theory, contends that jury issues remain as to his allegations of tortious interference with business relations, tortious interference with contract rights, and intentional infliction of emotional distress. *Held:*

Plaintiff's claim of tortious interference with business relations is

predicated on allegations that defendants Humana and Davis conspired with two physicians (who had established their medical practices in the Newnan area in response to incentives offered by Humana) to drive plaintiff out of business, and that pursuant to this conspiracy acts were done which injured plaintiff's medical practice. " 'In establishing a cause of action for malicious (or tortious) interference with business relations, a plaintiff . . . must demonstrate that the defendant . . . (1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury.' *Hayes v. Irwin*, 541 FSupp. 397, 429 (N.D. Ga. 1982); see *NAACP v. Overstreet*, 221 Ga. 16, 21 (142 SE2d 816) (1965), cert. dismissed, 384 U. S. 118, rehg. den., 384 U. S. 981 (1966)." *Integrated Micro Systems v. NEC &c. Electronics*, 174 Ga. App. 197, 200 (3) (329 SE2d 554). In the case sub judice, plaintiff is unable to name a single patient he has lost or failed to acquire due to the actions of defendants, nor is plaintiff able to show any financial loss. Therefore, the grant of summary judgment against plaintiff on his claim for tortious interference with business relations was not error.

Plaintiff's claim for tortious interference with contract rights arose from an office sharing arrangement which plaintiff maintained with another physician, Daniel J. Hennessy. The controversy was precipitated when Dr. Hennessy, whose primary medical office was located on the north side of Atlanta, elected to alter his status at Humana Hospital-Newnan. The change from the courtesy staff to the associate staff would permit Dr. Hennessy to admit a greater volume of patients at the hospital but the change of status incurred a concomitant increase in responsibilities to the hospital including full emergency room coverage responsibilities. After he was informed that plaintiff would cover for Dr. Hennessy's new emergency room responsibilities, Davis, acting on behalf of Humana, wrote a letter to Dr. Hennessy advising him that plaintiff could not cover the emergency room for him due to concern for the "standard of care." While Davis' position was soon rescinded and plaintiff permitted to cover for Dr. Hennessy, plaintiff maintains that his relationship with Dr. Hennessy was adversely affected by the actions of Humana and that those actions played a part in Dr. Hennessy's decision to terminate his space sharing arrangement with plaintiff. However, Dr. Hennessy testified that the letter was not the reason he quit seeing patients in plaintiff's office. The evidence shows that Dr. Hennessy's termination of his arrangement with plaintiff occurred due to the inconvenience of the distance from his primary office and certain "hassles" with the hospital. However, it appears that while Dr. Hennessy considered the hospital's

enforcement of its by-laws concerning privileges to be a "hassle" there is no evidence that he was singled out due to his association with plaintiff. As there was no evidence of any wrongful interference with any contractual relationship between plaintiff and Dr. Hennessy, summary judgment on this claim was appropriate. *Singleton v. Itson*, 192 Ga. App. 78, 79 (383 SE2d 598); *Combs v. Edenfield*, 184 Ga. App. 75, 77 (360 SE2d 743).

Georgia permits a recovery for the tort of intentional infliction of emotional distress only for conduct which is of an outrageous or egregious nature or so terrifying or insulting as to humiliate, embarrass, or frighten the plaintiff. *Greer v. Medders*, 176 Ga. App. 408, 409 (336 SE2d 328). The liability for intentional infliction of emotional distress clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Kornegay v. Mundy*, 190 Ga. App. 433, 434-435 (379 SE2d 14). We do not find in the evidence concerning the various exchanges between plaintiff and Humana or Davis any indication of that extreme or outrageous conduct which authorizes a recovery for intentional infliction of emotional distress. *Brown v. Winn-Dixie Atlanta*, 194 Ga. App. 130, 133 (389 SE2d 530); *Quinones v. Maier & Berkele*, 192 Ga. App. 585, 587 (1a) (385 SE2d 719); *Lane v. K-Mart Corp.*, 190 Ga. App. 113, 114 (3) (378 SE2d 136).

Finally, since plaintiff may not recover general damages, punitive damages may not be awarded. *Gallaher v. Teeple*, 183 Ga. App. 31, 33 (1) (357 SE2d 808). Therefore, summary judgment against plaintiff on his claim for punitive damages was proper.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JUNE 27, 1990.

*Louis K. Polonsky*, for appellant.

*Alston & Bird, Kevin E. Grady, J. Kennard Neal, Frank G. Smith III, Reta E. Jordan, Glover & Davis, Michael E. Sumner, Jenkins & Eells, Frank E. Jenkins III*, for appellees.