A98A1946. HARCROW v. STRUHAR et al.
(511 SE2d 545)

ANDREWS, Judge.

John and Marellen Struhar sued their next door neighbor, Aaron Harcrow, for damages allegedly caused by the trespass of Harcrow's dog and cats on their property, and for libel and slander. A jury rendered a verdict in favor of the Struhars on the trespass and libel claims and awarded the Struhars attorney fees and expenses of litigation pursuant to OCGA § 13-6-11. On appeal, Harcrow claims the evidence did not support the libel verdict and that, if the libel verdict falls, so must the award of attorney fees and expenses of litigation.

In support of their libel claim, the Struhars produced evidence that Harcrow published a writing which he delivered to residences throughout the neighborhood. The writing stated in relevant part: "NEIGHBORHOOD ALERT. SOMEONE HAS SHOT MY CAT!! Hello, Friends and Neighbors. Well, it used to be that your neighbors were your friends, but that is apparently not always true. On Thursday, I had to rush my bleeding kitty to the emergency vet clinic where the Veterinarian diagnosed my cat as being the victim of a gunshot wound. Now, the only people in the neighborhood who have expressed hatred for cats are John and Mary Ellen Struhar, and I'm not saying that they are responsible for this atrocious act, that will be determined by the Smyrna Police, but they are the prime suspects. . . . And, really, such an act of violence would be in character for someone driven by hatred."

The Struhars testified this writing was false in that they did not shoot or otherwise harm Harcrow's cat and that they have never expressed hatred for cats. Harcrow testified that he had no evidence as to who shot his cat, that he did not call the police until after the writing had been published, that he did not tell the police he suspected the Struhars shot his cat, and that no police investigation was conducted.

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery." OCGA § 51-5-1. Harcrow's writing states, if not directly then by strong implication, that the Struhars are the "prime suspects" of the Smyrna police in a determination as to who shot his cat. Moreover, the writing as a whole could be reasonably construed to imply that the Struhars shot Harcrow's cat and were therefore guilty of the crime of cruelty to animals. OCGA § 16-12-4.

Whether stated directly or by implication or innuendo, it is libelous per se to falsely state that a person is guilty of a crime or has a criminal case pending against him. *Mead v. True Citizen, Inc.*, 203 Ga. App. 361, 362 (417 SE2d 16) (1992); *Melton v. Bow*, 241 Ga. 629, 630-631 (247 SE2d 100) (1978); *Witham v. Atlanta Journal*, 124 Ga. 688 (53 SE 105) (1906); *Southland Corp. v. Garren*, 135 Ga. App. 77, 79 (217 SE2d 347) (1975), rev'd on other grounds, 235 Ga. 784 (221 SE2d 571) (1976). The fact that Harcrow included in the writing a statement that, "I'm not saying that they are responsible for this atrocious act," does not negate other portions of the writing that the jury was entitled to conclude were the equivalent of imputing a crime to the Struhars.

Contrary to Harcrow's contention, the writing was not merely an expression of his opinion for which he could not be held liable. "There is no wholesale defamation exemption for anything that might be labeled 'opinion.' To say otherwise would ignore the fact that expressions of 'opinion' may often imply an assertion of objective fact. . . . The pivotal questions are whether [Harcrow's] statements can reasonably be interpreted as stating or implying defamatory facts about [the Struhars] and, if so, whether the defamatory assertions are capable of being proved false." *Eidson v. Berry*, 202 Ga. App. 587, 588 (415 SE2d 16) (1992).

Harcrow does not dispute that the above writing was published. The evidence was clearly sufficient for the jury to conclude that the writing published by Harcrow was false and malicious defamation tending to injure the Struhars' reputation or expose them to public hatred, contempt, or ridicule. *Southland Publishing Co. v. Sewell*, 111 Ga. App. 803, 807 (143 SE2d 428) (1965); *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (278 SE2d 689) (1981). The trial court correctly denied Harcrow's motion for judgment notwithstanding the verdict or for a new trial.

We need not address Harcrow's additional contention that the award of attorney fees and expenses of litigation must be reversed because of lack of evidence to support the libel verdict.

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 27, 1999 —
RECONSIDERATION DENIED FEBRUARY 11, 1999 — 

*Christopher J. McFadden, David T. Lashgari, John Matteson*, for appellant.
*Ted B. Herbert*, for appellees.