A99A1207. LIVELY v. McDANIEL.
(522 SE2d 711)

MILLER, Judge.

Randy McDaniel left the employ of American General Life & Accident Insurance Company on May 27, 1994. On October 23, 1995, he sued his former manager, Alton Lively, for slander, intentional infliction of emotional distress, and tortious interference with business relations. He alleged that after his departure, Lively had misrepresented facts to three individuals concerning McDaniel's actions as an insurance agent. Lively moved for summary judgment or partial summary judgment, arguing that the statute of limitation had run on the slander claims and that the evidence did not show the elements needed to sustain the various causes of action. His interlocutory application having been granted, Lively appeals the denial of his motion.

Construed in favor of McDaniel, the evidence shows that Lively telephoned Nancy Cole on three occasions, once in September or October 1994 and twice some months later. He told Cole that (i) McDaniel had left American General on bad terms and taken valuable documents with him, (ii) McDaniel was soliciting American General's clients, which he was forbidden to do, and (iii) any problems she was experiencing with her American General policy were attributable to McDaniel.

During the summer of 1994, Lively told James Browning that McDaniel had made the worst decision of his life in leaving the company, and that the insurance policies of some widowed and elderly clients previously serviced by McDaniel would probably lapse because McDaniel had left the company no records of them.

During that same summer, Lively told Reverend William Daugherty that McDaniel had been talking to a lot of people who would be "messed up and hurt" and who would leave the Reverend's congregation as a result. Daugherty interpreted the comments to mean McDaniel had been lying to people about American General.

1. *Slander.* Contending the remarks were false and calculated to injure him in his profession, McDaniel sued under OCGA § 51-5-4 (a) (3) for slander per se, for which no special damages need be shown. See OCGA § 51-5-4 (b); *Baskin v. Rogers*, 229 Ga. App. 250, 252 (2) (493 SE2d 728) (1997). Lively asserts that the statute of limitation bars the claims and that the statements were either true or unactionable opinion.

(a) *Statute of Limitation.* Under OCGA § 9-3-33, a party has one year to bring a suit for slander, which begins to run once the slanderous statement is uttered. *Jacobs v. Shaw*, 219 Ga. App. 425, 427 (2) (465 SE2d 460) (1995). McDaniel concedes the statements to Reverend Daugherty fall outside the one-year period, and the undisputed evidence reflects that the statements to Browning were made no later than eight weeks after McDaniel's termination date of May 27, 1994 (i.e., by the last week of July), which is more than a year prior to the filing of the lawsuit in October 1995. Accordingly, the court erred in denying partial summary judgment as to those portions of the slander claim resting on the statements to Daugherty and Browning.

But the evidence is disputed whether the statements to Cole occurred in the summer of 1994 or at some time after October 1994. As to the statute of limitation defense on this portion of the slander claim, the court properly denied summary judgment.

(b) *Opinion and Truth.* Lively argues that the statements to Cole were either true or merely opinion and thus unactionable. See *Elder v. Cardoso*, 205 Ga. App. 144 (1) (421 SE2d 753) (1992). But *Eidson v. Berry*, 202 Ga. App. 587-588 (415 SE2d 16) (1992), held:

> There is no wholesale defamation exemption for anything that might be labeled opinion. To say otherwise would ignore the fact that expressions of opinion may often imply an assertion of objective fact. . . . The pivotal questions are whether [Lively's] statements can reasonably be interpreted as stating or implying defamatory facts about [McDaniel] and, if so, whether the defamatory assertions are capable of being proved false.

(Citations and punctuation omitted.); see *Harcrow v. Struhar*, 236 Ga. App. 403, 404 (511 SE2d 545) (1999).

Regardless of how one may characterize the other statements to Cole, the statement that McDaniel had taken valuable documents, which led to difficulties with Cole's policy, implied that McDaniel had stolen and retained important documents belonging to the company, which is provably false. The evidence showed McDaniel returned any company documents in his possession immediately after terminating his employment, and thus such could not be connected to Lively's statements or to any difficulties with the Cole policy some months later. The statements are actionable.

2. *Intentional Infliction of Emotional Distress.* None of the statements to the three individuals suffices to sustain a cause of action for intentional infliction of emotional distress. First, "even malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff." *Ryckeley v. Callaway*, 261 Ga. 828, 829 (412 SE2d 826) (1992). Defamatory remarks made to others or to the public in general are classic examples of conduct that, though harmful to the plaintiff, was directed toward the hearer of the statements, not to the plaintiff, and thus is not actionable as intentional infliction of emotional distress. See, e.g., *Munoz v. American Lawyer Media, L.P.*, 236 Ga. App. 462, 465 (1) (b) (512 SE2d 347) (1999) (article directed to newspaper's public readership); *Willis v. United Family Life Ins.*, 226 Ga. App. 661, 666 (3) (487 SE2d 376) (1997) (letter sent to third party); *Tucker v. News Publishing Co.*, 197 Ga. App. 85, 87 (2) (397 SE2d 499) (1990) (news articles directed to public); *Carter v. Willowrun Condo. Assn.*, 179 Ga. App. 257, 260 (5) (345 SE2d 924) (1986) (letter sent to plaintiff's lessor).

Moreover, even if directed toward the plaintiff, the conduct must be extreme and outrageous (i.e., atrocious and utterly intolerable). *United Parcel Svc. v. Moore*, 238 Ga. App. 376, 377 (519 SE2d 15) (1999). Defamatory or derogatory remarks regarding one's employment generally do not rise to this level. *Willis*, supra, 226 Ga. App. at 666 (3); *Biven Software v. Newman*, 222 Ga. App. 112, 113-114 (1) (473 SE2d 527) (1996). We hold the statements here similarly fail to meet the threshold of outrageousness.

The court erred in denying summary judgment on the intentional infliction of emotional distress count.

3. *Tortious Interference with Business Relations.* The essential features of a cause of action for tortious interference with business relations are that the defendant, acting improperly, without privilege, and with the malicious intent to injure plaintiff, induces a third party not to enter into or to continue a business relationship with plaintiff, which causes plaintiff financial injury. *Jenkins v. Gen.*

*Hosps. of Humana*, 196 Ga. App. 150, 151 (395 SE2d 396) (1990). The evidence is undisputed that Lively's alleged conduct did not induce anyone to refuse or to discontinue a business relationship with McDaniel.

Moreover, just as in *Jenkins*, McDaniel is unable to identify a single client that he has lost or failed to acquire due to the actions of Lively, nor is he able to show any other financial loss. 196 Ga. App. at 151. His affidavit stating that he has spent some six hours with Cole, Daugherty, and Browning to reestablish trust does not demonstrate financial loss.

The court erred in denying summary judgment on the tortious interference count.

*Judgment affirmed in part and reversed in part and case re-manded. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 22, 1999.

*Paul R. Vancil*, for appellant.

*Swanson & Cherry, Mark R. Swanson, Diane Cherry*, for appel-lee.