A99A1890, A99A1891. PALOMBI v. FRITO-LAY, INC. et al. (two cases).

(526 SE2d 375)

ELLINGTON, Judge.

Kenneth Palombi sued his former employer, Frito-Lay, Inc., and his former supervisor, Kevin Gohlinghorst, for defamation, tortious interference with contract or business relations, and negligent supervision — all arising from events surrounding the termination of his employment. He amended his complaint to recast his defamation claim. The trial court granted the motion for summary judgment filed by Frito-Lay and Gohlinghorst. In a separate order, the trial court granted the motion filed by Frito-Lay and Gohlinghorst to dismiss the libel claim asserted in the amended complaint. Palombi appeals both orders. We consolidated his appeals, and for the reasons which follow, we affirm both judgments.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the evidence shows that Palombi was employed by Frito-Lay as a district sales manager for five years. Gohlinghorst was Palombi's supervisor for his last two years. In March 1995, Palombi rented a commercial storage unit and stored shelves

and display equipment there. Initially, all route salespersons on Palombi's team were listed as authorized to enter the storage unit and knew the combination to the lock. In July 1995, before leaving for a two-week vacation, Palombi replaced the combination lock with a keyed lock and took the only key with him so that no one could enter the unit while he was gone.

While Palombi was out of town, Gohlinghorst and two other Frito-Lay employees went to the storage unit to retrieve shelving equipment. They were not able to get into the storage unit because Palombi had the only key and the lock could not be cut. Gohlinghorst and the other two Frito-Lay employees had a conversation with the storage facility manager, Charles McGary. During this conversation, Gohlinghorst said "we're going to get to the bottom of this" to McGary. One of the other employees with Gohlinghorst said "there were problems in the company" with Palombi. Another said he believed that "there was something going on in the unit." McGary inferred from the conversation with Gohlinghorst and others that Palombi had stolen from Frito-Lay or done something else wrong.

Shortly after Palombi returned from vacation, Gohlinghorst terminated Palombi's employment with Frito-Lay. Palombi sought and obtained employment with Tombstone Pizza, Inc. Tombstone hired Palombi as a route salesperson at half of his management salary at Frito-Lay. Tombstone told Palombi that he would soon be promoted into a management position. Palombi was not promoted into a management position at Tombstone and later left for another job.

### Case No. A99A1890

1. Palombi contends that the trial court erred in granting Gohlinghorst summary judgment on his defamation claim. Palombi argues that Gohlinghorst was liable for slander per se for making a false statement "against [him] in reference to his trade, office, or profession, calculated to injure him therein." OCGA § 51-5-4 (a) (3). "To be actionable, a communication must be both false and malicious, and the burden of proving a statement's falsity is on the plaintiff." (Citations and punctuation omitted.) *Jaillett v. Ga. Television Co.*, 238 Ga. App. 885, 888 (520 SE2d 721) (1999).

The only allegedly defamatory statement attributed to Gohlinghorst was "we're going to get to the bottom of this" in the conversation with McGary. Palombi does not contend that Gohlinghorst said that Palombi had stolen company property. In the context of a supervisor's attempt to enter a storage unit rented by an employee, saying "we're going to get to the bottom of this" would suggest to a reasonable listener at most that the speaker *suspects* wrongdoing and intends to investigate. See *Bullock v. Jeon*, 226 Ga. App. 875, 877

(2) (487 SE2d 692) (1997). By its inherent expression of ignorance of the facts, the phrase does not amount to a statement by the speaker that wrongdoing has occurred. Cf. *Jaillett*, 238 Ga. App. at 891 (describing a customer as having been "ripped off" "might imply that the speaker is aware of undisclosed facts showing that the plaintiff has acted dishonestly").

Furthermore, the fact that McGary inferred from the conversation with Gohlinghorst and others that Palombi had stolen from Frito-Lay or done something else wrong does not subject Gohlinghorst to liability for slander per se under OCGA § 51-5-4 (a) (3). To determine whether a declaration constitutes slander per se, the court looks to "the plain import of the words spoken" and will not enlarge their meaning by innuendo. *Parks v. Multimedia Technologies*, 239 Ga. App. 282, 293 (4) (521 SE2d 207) (1999). The declaration "we're going to get to the bottom of this" was not sufficient as a matter of law to subject Gohlinghorst to liability for uttering a false statement calculated to injure Palombi in reference to his trade. See *Lepard v. Robb*, 201 Ga. App. 41, 42 (1) (410 SE2d 160) (1991) (summary judgment was proper because request that employee not return to employer's premises did not contain hurtful innuendo regarding employee's character or behavior and therefore was not slanderous). Because Palombi failed to produce evidence creating a jury issue as to whether Gohlinghorst made any defamatory statements, the trial court did not err in granting Gohlinghorst's motion for summary judgment on this claim.

2. Palombi contends that the trial court erred in granting Gohlinghorst and Frito-Lay summary judgment on the negligent supervision claim. Palombi seeks to hold Gohlinghorst and Frito-Lay liable for allegedly defamatory statements made by various Frito-Lay employees to Tombstone employees about the reasons for Palombi's termination. Palombi, however, cites no authority for holding an employer liable for harm caused by workplace gossip under a negligent supervision theory. Furthermore, the doctrine of respondeat superior does not apply in slander cases. *Lepard v. Robb*, 201 Ga. App. at 42 (1).

3. Palombi contends that the trial court erred in granting Frito-Lay summary judgment on Palombi's tortious interference claim.

> To recover under a theory of tortious interference with business relations, [Palombi] must demonstrate financial injury and must show that [Frito-Lay]: (1) acted improperly and without privilege; (2) acted purposely and with malice with intent to injure; and (3) induced a third party or parties not to enter into or continue a business relationship with him.

*Watkins & Watkins, P.C. v. Colbert*, 237 Ga. App. 775, 777 (516 SE2d 347) (1999).

In this case, Palombi contends one may reasonably infer that his failure to be promoted into a management position at Tombstone was caused by false information provided by Frito-Lay employees. The evidence is undisputed, however, that Tombstone did hire Palombi, despite any statements made by agents of Frito-Lay, and did not discontinue that relationship because of any statements made by agents of Frito-Lay. In the absence of any evidence that agents of Frito-Lay induced Tombstone not to enter into or continue a business relationship with Palombi, summary judgment was properly granted. *La Petite Academy v. Prescott*, 234 Ga. App. 32, 33 (1) (506 SE2d 183) (1998).

4. Palombi contends that the trial court erred in granting Gohlinghorst summary judgment on Palombi's tortious interference claim. Specifically, Palombi contends that Gohlinghorst, acting as a third party to Palombi's employment contract with Frito-Lay, wrongfully procured Palombi's termination for personal reasons. "[I]t is essential to a claim of tortious interference with contractual relations that the plaintiff establish that the defendant is a 'third party,' i.e., a 'stranger' to the contract with which the defendant allegedly interfered." *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 608 (2) (503 SE2d 278) (1998). In *Atlanta Market Center*, the Supreme Court recognized that a claim of tortious interference with contract may be maintained against only a limited class of entities. Id. at 610. Specifically, an employee's supervisor is not a stranger to an employment contract. Id. at 609 (approving *Hylton v. American Assn. for Vocational &c. Materials*, 214 Ga. App. 635 (448 SE2d 741) (1994)). Gohlinghorst was Palombi's supervisor and therefore cannot be held liable for interfering with Palombi's employment contract.

*Case No. A99A1891*

5. Palombi contends that the trial court erred in dismissing his libel claim. Two months after Frito-Lay and Gohlinghorst filed their motion for summary judgment, Palombi filed his amended complaint which recast Count 1, his claim for defamation. Frito-Lay and Gohlinghorst then filed a motion to dismiss Palombi's claim for libel on the grounds that the claim for libel did not relate back to the filing of the original complaint and any new claim was time-barred.

"Where there is nothing in the record to indicate that the trial court failed to consider appellants' amendment before ruling on appellees' motion for summary judgment, we assume the amendment was properly considered." (Citation and punctuation omitted.) *Circle H Dev. v. City of Woodstock*, 206 Ga. App. 473, 475 (2) (425 SE2d 891)

(1992). In this case, although Palombi's amended complaint added factual averments regarding statements contained in a memo written by Frito-Lay employee Robert Brigman, those allegations were embraced in the claim for defamation set out in the original complaint. Indeed, Palombi affirmatively claims that his amended complaint "merely clarified and made more specific the general allegations set forth in the initial Complaint." Palombi was required to concede that his libel claim arose out of the conduct, transaction or occurrence set forth in the original complaint; otherwise, the amended complaint would not relate back to the original complaint, and the libel claim would be time-barred. OCGA §§ 9-11-15 (c); 9-3-33.

Furthermore, Palombi's counsel argued the merits of the motion to dismiss the libel claim at the summary judgment hearing. There is nothing in the record to indicate that the trial court failed to consider Palombi's amendment to his complaint before ruling on the motion for summary judgment. Thus, the trial court's order granting Frito-Lay and Gohlinghorst summary judgment disposed of Palombi's defamation claim in its entirety, including the libel piece based on the Brigman memo. *Vasche v. Habersham Marina*, 209 Ga. App. 263, n. 1 (433 SE2d 671) (1993). The trial court's second order, granting the motion of Frito-Lay and Gohlinghorst to dismiss the libel claim, was superfluous in that the libel claim was no longer pending. *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 633-634 (1) (c) (466 SE2d 872) (1995). Having found no error in the trial court's grant of summary judgment on the defamation claim, we likewise find no error in the trial court's housekeeping order which had no additional effect on Palombi's action.

*Judgments affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 30, 1999.

*Brock, Clay, Calhoun, Wilson & Rogers, Ernest L. Gunn IV, Candace M. Kollas,* for appellant.

*Drew, Eckl & Farnham, Stephen W. Mooney, Nancy F. Rigby,* for appellees.