## A00A1196. DAGEL v. LEMCKE.
(537 SE2d 694)

MIKELL, Judge.

Mark R. Dagel filed a complaint for slander, defamation, and trespass against Emily Lemcke arising out of events that occurred during Lemcke's successful 1998 campaign for Chair of the Cherokee County Board of Commissioners. The trial court granted summary judgment to Lemcke on all three counts. Dagel appeals the grant of summary judgment on the first two counts. We affirm.

The record reveals that on the night of August 10, 1998, a Cherokee County deputy sheriff was dispatched to investigate a suspicious vehicle occupied by three men. When the deputy checked inside the car, he noticed campaign signs belonging to Lemcke and her opponents, Hollis Lathem and Jimmy Long. The driver of the vehicle, "Willy," stated that he had been hired by Dagel, a Cherokee County developer, to put up Lathem's signs and to take down the other signs. The three men were arrested for theft by receiving.

Dagel deposed that Lemcke's signs had been placed on his property and that he had removed them and placed them in "Willy's" vehicle. Later that day, Lathem asked Dagel for assistance in putting up campaign signs, and Dagel enlisted the services of "Willy" and two of his friends. Dagel further deposed that the charges against the three men were "thrown out."

The sheriff's office notified Lemcke of the incident, but she declined to prosecute. However, the next day, Lemcke discussed the event with various members of the media, including a reporter from Channel 11 News (WXIA). WXIA broadcast the story that evening. As scenes related to the story appeared on screen, a reporter stated: "[A]ccording to the report, one of the accused said he did it for money . . . [seven] dollars an hour that he claimed was coming from local developer Mark Dagel[, a] man who is an admitted supporter of Lemcke's opponent, current commission chair Hollis Lathem." The segment then shifted to Lemcke, who uttered the words at the heart of this dispute: "I'm surprised they took this action. . . . [I]t's so bla-

tant, and smacks of illegality."

1. Dagel contends genuine issues of material fact remain on his slander and defamation claims. We disagree.

(a) Dagel first argues that Lemcke's televised remarks imputed to him a crime and thus constituted slander per se under OCGA § 51-5-4 (a) (1).

> To constitute slander per se, . . . the words at issue must charge the commission of a specific crime punishable by law. Where the plain import of the words spoken impute no criminal offense, they cannot have their meaning enlarged by innuendo. Even though [Lemcke] may have used the term "illegal[ity]," [her] words did not accuse [Dagel] of committing any crime punishable by law.[1]

The statement that the action reported by WXIA "smacks of illegality" does not, standing alone, impute the commission of any specific crime to Dagel. The trial court did not err in granting summary judgment to Lemcke on this ground.

(b) Next, Dagel contends that even if a crime was not imputed, Lemcke's remarks are actionable under OCGA § 51-5-4 (a) (4) as disparaging words which caused him to suffer special damages.

This claim is likewise without merit, because Dagel failed to show that any damages he allegedly suffered flowed from the statement.[2] Dagel testified that he lost a contract and was labeled "Public Enemy No. 1" by the local newspaper because he sued Lemcke. Thus, any alleged damages arose out of Dagel's lawsuit rather than from Lemcke's comments. Accordingly, the trial court did not err in granting summary judgment to Lemcke on this claim.

2. Finally, Dagel contends the trial court abused its discretion in failing to consider his amended motion to compel answers upon deposition prior to ruling on Lemcke's motion for summary judgment. Upon the trial court's inquiry, Dagel's counsel stated that the additional discovery concerned possible slander committed by Lemcke "on other occasions." Consequently, the trial judge held that such discovery was immaterial to the disposition of Lemcke's motion for summary judgment. "The trial courts have broad discretion to determine what is and what is not discoverable, and this court will not interfere with those decisions absent a clear abuse."[3] Accordingly, the trial

---

[1] (Citations and punctuation omitted.) *Parks v. Multimedia Technologies*, 239 Ga. App. 282, 293 (4) (520 SE2d 517) (1999).

[2] See OCGA § 51-5-4 (b) (evidence of special damage essential to action for disparaging words under OCGA § 51-5-4 (a) (4)).

[3] (Citation and punctuation omitted.) *Smith v. U-Haul Co. Ga.*, 225 Ga. App. 356, 357 (1) (484 SE2d 49) (1997).

court did not err in hearing Lemcke's motion for summary judgment without authorizing further discovery.[4]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JULY 19, 2000.

*Douglas J. Davis*, for appellant.
*Robert M. Dyer*, for appellee.

---

[4] Id.; see also *Miles v. Great Southern Life Ins. Co.*, 197 Ga. App. 540, 543 (2) (398 SE2d 772) (1990).