A02A1440. McGEE v. GAST et al.
(572 SE2d 398)

SMITH, Presiding Judge.
Believing that he had been the target of certain disparaging comments, Shawn McGee brought a claim for defamation against Richard K. Gast and his son, Andrew J. Gast. Finding the claims brought against Richard Gast were either time-barred or precluded by McGee's failure to plead special damages, the trial court granted

Gast's motion for summary judgment.[1] For the same reasons, we affirm.

In 1995, McGee began serving as an assistant scoutmaster for Boy Scout Troop 1111. According to his complaint, McGee claimed that in December 1997, both Richard and Andrew Gast had made statements to others that McGee had sold cigarettes to members of the troop. McGee also alleged that Richard Gast had defamed him by accusing him of threatening his son and by saying that McGee was unfit for scout leadership. McGee claimed that on March 15, 1999, Richard Gast had slandered him by telling adult affiliates of Troop 1111 that McGee had provided troop members with alcohol and tobacco and had attended troop functions while intoxicated. McGee also alleged that Gast had made slanderous comments about him to Kathryn Patterson, the office manager for the Boy Scouts of America Northeast Georgia Council, by telling her that McGee had engaged in illegal activities and that Gast was trying to have McGee "thrown out" of the troop.

It is undisputed that McGee did not file suit until May 24, 2000. He amended his complaint on October 22, 2001. The trial court determined that the amendment related back to the time of the filing of the original complaint. Notwithstanding that ruling, Richard Gast prevailed on summary judgment. After entry of summary judgment, McGee amended his complaint to add claims for special damages.

1. Appellees' motion to dismiss the appeal is denied.

2. McGee contends that the trial court erred in granting summary judgment because Gast's remarks were slanderous per se and did not require a showing of special damages. He claims that Gast's comments damaged him in his trade or profession and resulted in his forced removal as a camp counselor, a paid position.

Proof of special damages is not required for slander or oral defamation that consists of "[m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein." OCGA § 51-5-4 (a) (3). To determine whether a declaration constitutes slander per se, a court must look to the " 'plain import of the words spoken' " and cannot enlarge their meaning by innuendo. *Palombi v. Frito-Lay, Inc.*, 241 Ga. App. 154, 156 (1) (526 SE2d 375) (1999). "If merely fraud, dishonesty, immorality, or vice be imputed, no action lies without proof of special damage[s]." (Citations and punctuation omitted.) *Christian v. Ransom*, 52 Ga. App. 218, 221 (183 SE 89) (1935).

Under OCGA § 9-3-33, a party has one year from the date that

---

[1] McGee sued Andrew Gast, who is not a party to this appeal, for publishing two allegedly slanderous letters and for purportedly making certain other defamatory remarks about McGee.

the slanderous statement is uttered or published to bring suit. *Jacobs v. Shaw*, 219 Ga. App. 425, 427 (2) (465 SE2d 460) (1995). The sole remark not time-barred is Gast's comment uttered to Kathryn Patterson "on a date between June 29, 1999 and July 25, 1999," when Gast allegedly told Patterson that he had observed his own son, Andrew Gast, Patterson's son, and McGee "committing illegal activities." But Gast did not specify the nature of the so-called "illegal activities," and he refused to elaborate further. Patterson specifically testified as follows:

> Mr. Gast stated to me that he had seen his son, Andrew Gast, my son Joey Patterson, and Shawn McGee committing illegal activities. I then asked what he had seen. Mr. Gast refused to reply and attempted to change the subject. Mr. Gast then stated that he tried to manipulate having Shawn McGee thrown out of the Boy Scout Troop. I responded that if he had brought the matter to the attention of scout leaders, they would have handled it appropriately, and Shawn McGee would have been asked to leave the scouts. I further stated that I could not do anything about hearsay.

This statement neither specified the nature of the "illegal activities" nor whether the purported "illegal activities" bore any relationship to scouting or to McGee's role as assistant scoutmaster. Compare *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (3) (278 SE2d 689) (1981). As McGee apparently concedes, the remarks do not constitute slander per se under subsection (a) (1) of OCGA § 51-5-4. See *Dagel v. Lemcke*, 245 Ga. App. 243, 244 (1) (a) (537 SE2d 694) (2000). To constitute slander per se under subsection (a) (1), "the words at issue must charge the commission of a specific crime punishable by law. Where the plain import of the words spoken impute no criminal offense, they cannot have their meaning enlarged by innuendo." Id. These comments do not charge the commission of a specific crime and do not say anything about McGee's ability to conduct a trade, office, or profession.

To remedy his failure to plead special damages, McGee amended his complaint to assert that Gast's false accusations had disparaged him in "reference to his office calculated to injure him therein, resulted in his being removed from Boy Scouts generally and Boy Scout Troop 1111 specifically, on June 29, 1999." But, by his own admission, his occasional, volunteer work was neither his livelihood nor his career.[2] Compare *Stanley v. Moore*, 48 Ga. App. 704 (173 SE

---

[2] In fact, McGee testified that "[b]y the beginning of November of 1996, I had for the most part stopped volunteering as an Assistant Scoutmaster for Troop 1111 and was busy

190) (1934) (employee's discharge from employment actionable); see OCGA § 51-5-4 (a) (3). By failing to plead special damages with particularity as required by OCGA § 9-11-9 (g), McGee has not stated a claim for defamation. See *Connell v. Houser*, 189 Ga. App. 158, 160 (4) (b) (375 SE2d 136) (1988) ("special damages must be shown to establish a cause of action based on mere derogatory remarks"). For this reason, Gast was entitled to judgment as a matter of law.

3. In the alternative, McGee contends that the trial court erred in granting summary judgment even if the comments at issue are not slanderous per se because he has pled and proven special damages.

To remedy the deficiency in failing to plead special damages in his original complaint, McGee filed an affidavit in response to summary judgment and later filed a second amendment to his complaint after the entry of summary judgment. In this affidavit, McGee declared that he had lost over $800 in wages as a result of being fired on June 29, 1999, from his paid summer job with the scouts.

The special damages required to support an action for defamation, when the words themselves are not actionable, must be the loss of money or some other material temporal advantage capable of being assessed in monetary value. *Webster v. Wilkins*, 217 Ga. App. 194, 196 (2) (456 SE2d 699) (1995). "The loss of income, of profits, and even of gratuitous entertainment and hospitality will be special damage *if the plaintiff can show that it was caused by the defendant's words*." (Citations and punctuation omitted; emphasis supplied.) Id. Assuming solely for the sake of analysis that the affidavit functioned to amend the pleadings, McGee failed to offer any evidence to show the defendant's words *caused* his purported damages. The record contains no evidence that Patterson undertook any action detrimental to McGee or reported Gast's remarks to someone else who did so. In fact, Gast's comments to Patterson actually may have been uttered subsequent to June 29, the date on which McGee claims he "was escorted off the property at Camp Buck Toms." Since Patterson testified that Gast's comments were made to her "on a date between June 29, 1999 and July 25, 1999," McGee may well have lost his summer job before Gast even made the remarks. In any event, because McGee did not produce any evidence to create a jury issue as to whether Gast's statement to Patterson *caused* his alleged damages, Gast was entitled to judgment as a matter of law. See *Palombi*, supra, 241 Ga. App. at 156 (1).

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

---

trying to keep our infant Sea Explorer Ship going." He referred to his "almost total lack of participation in Troop activities" in February 1997 and testified that by the summer of 1997, he "remained inactive in the Troop" due to his employment schedule.

DECIDED OCTOBER 11, 2002.

*David W. Griffeth*, for appellant.
*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright, Stanley R. Durden*, for appellees.