S05G1352. BELLEMEADE, LLC et al. v. STOKER et al.
(631 SE2d 693)

BENHAM, Justice.

Appellees Jerry Stoker and the Stoker Group and appellants entered into several partnerships in connection with the residential development of various properties. When the parties decided to

dissolve the partnerships but were unable to agree how to do it, they resorted to litigation. While the litigation was pending, appellee Jerry Stoker amended his complaint to include a claim for slander against appellant Edward Faircloth, which claim did not include a plea for special damages (see OCGA § 9-11-9 (g)), making his claim one for slander per se. See *McGee v. Gast*, 257 Ga. App. 882, 885 (572 SE2d 398) (2002) (failure in a defamation suit to plead special damages with particularity as required by OCGA § 9-11-9 (g) limits pleader to claim for defamation per se). A divided Court of Appeals affirmed the trial court's grant of summary judgment against Stoker and the Stoker Group on their claims of unjust enrichment, breach of oral contract, and breach of fiduciary duties, and a unanimous Court of Appeals affirmed the denial of Faircloth's motion for summary judgment on the claim of slander per se. *Stoker v. Bellemeade, LLC*, 272 Ga. App. 817 (615 SE2d 1) (2005). The decision of the Court of Appeals spawned four petitions for a writ of certiorari, and this Court granted one petition in order to address an issue involving the disposition of the slander claim.

The slander claim was based on a remark allegedly made by Faircloth several months after appellants had filed their dissolution lawsuit. Stoker alleged that Faircloth approached Charles Gross, a longtime friend of Stoker who had purchased real estate lots for development through his connection with Stoker. When Faircloth asked Gross about purchasing certain lots for development from him and Gross told Faircloth any lots Gross purchased would be through Stoker, Faircloth purportedly said to Gross: "Jerry isn't going to be selling lots here in Warner Robins much longer. He probably is going back to Valdosta, so if you want to buy these lots, you need to sign a contract with me." Faircloth denied making the remark and sought summary judgment on the ground that, even if he had made the statement, he had no liability for slander because the statement was one of opinion concerning a future event. In affirming the denial of summary judgment on the defamation claim, the Court of Appeals stated:

> To determine whether a statement is slander per se, courts look to the plain import of the words spoken and will not enlarge their meaning by innuendo. [Cit.] "The pivotal questions are whether the statements can reasonably be interpreted as stating or implying defamatory facts about plaintiff and, if so, whether the defamatory assertions are capable of being proved false." [Cit.]

*Stoker v. Bellemeade, LLC*, supra, 272 Ga. App. at 827. Applying this standard, the Court of Appeals concluded a claim of slander per se

was viable since "the statements at issue could reasonably be interpreted as having the purpose of injuring Stoker's business by stating or implying that Stoker was going out of the development business in which he was still engaged and leaving the area, and that these assertions are capable of being proved false." Id. This Court unanimously granted Faircloth's petition for a writ of certiorari in order to examine whether the test applied by the Court of Appeals was proper.

Oral defamation or slander consists in, among other things, "[m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein. . . ." OCGA § 51-5-4 (a) (3). With this type of slander, known as slander per se, special damages need not be proved because damage is inferred. OCGA § 51-5-4 (b).

> The kind of aspersion necessary to come under this phase of the rule of slander per se must be one that is especially injurious to the plaintiff's reputation because of the particular demands or qualifications of plaintiff's vocation. . . . [T]he words must either be spoken of the plaintiff in connection with his calling or they must be of such a nature such as to charge him with some defect of character or lack of knowledge, skill, or capacity as necessarily to affect his competency successfully to carry on his business, trade, or profession.

Harper, James and Gray, The Law of Torts, Vol. 2, pp. 101-102, § 5.12 (2nd ed. 1986). "Thus, a charge that a physician stole the land of a certain person does not defame the physician with reference to his profession [cit.], . . . [while to] say of a merchant whose credit is necessary to the operation of his business that he is insolvent or does not pay his bills on time would be libelous. . . ." Charles R. Adams III, Georgia Law of Torts, p. 549, § 28-1 (2006 ed.).

As noted by the Court of Appeals, a court looks to "the plain import of the words spoken" in order to ascertain whether the words constitute slander per se. *Palombi v. Frito-Lay*, 241 Ga. App. 154 (1) (526 SE2d 375) (1999). See also *McGee v. Gast*, supra, 257 Ga. App. 882 (1). To be slander per se, the words "are those which are recognized as injurious on their face — without the aid of extrinsic proof." *Macon Tel. Pub. Co. v. Elliott*, 165 Ga. App. 719, 723 (5) (302 SE2d 692) (1983). Should extrinsic facts be necessary to establish the defamatory character of the words, the words may constitute slander, but they do not constitute slander per se. Id. Thus, the court "may not hunt for a strained construction" in order to hold the words used as being defamatory as a matter of law (*Webster v. Wilkins*, 217 Ga. App. 194, 195 (1) (456 SE2d 699) (1995)), and the negative inference a hearer might take from the words does not subject the speaker to

liability for slander per se. *Palombi v. Frito-Lay*, supra, 241 Ga. App. at 156. Furthermore, when words are defamatory per se, innuendo — which merely explains ambiguity where the precise meaning of terms used in the allegedly slanderous statement may require elucidation (*Whitley v. Newman*, 9 Ga. App. 89, 93 (70 SE 686) (1911)) — is not needed. *Zarach v. Atlanta Claims Assn.*, 231 Ga. App. 685 (2) (500 SE2d 1) (1998). Accordingly, the Court of Appeals was correct when it held it is inappropriate to rely on innuendo to determine if the words at issue constitute slander per se.

However, the questions posed in the second sentence of the standard employed by the Court of Appeals in the case at bar ("The pivotal questions . . .") are not properly used to determine if words constitute slander per se; rather, they are inquiries integral in determining the viability of a defamation action in light of a speaker's assertion that his words were non-actionable "opinion." See *Gast v. Brittain*, 277 Ga. 340 (589 SE2d 63) (2003). In *Milkovich v. Lorain Journal Co.*, 497 U. S. 1, 18-21 (110 SC 2695, 2707, 111 LE2d 1) (1990), the United States Supreme Court clarified that the First Amendment to the U. S. Constitution did not provide a "separate constitutional privilege for 'opinion' " which would have limited the application of state defamation laws for any words that might be labeled "opinion," noting that "expressions of 'opinion' may often imply an assertion of objective fact." The Court went on to state that "[t]he dispositive question" in such a situation was whether a reasonable factfinder could conclude that the statements claimed to be opinion implied an assertion of defamatory facts and, if so, whether it was sufficiently factual to be susceptible of being proved true or false. Id. at 21. As a result of that decision, a statement of "opinion" is actionable as defamatory if it can reasonably be interpreted as stating or implying defamatory facts about the plaintiff and, if so, if the defamatory assertions are capable of being proved false. *Lively v. McDaniel*, 240 Ga. App. 132 (1) (b) (522 SE2d 711) (1999). The Court of Appeals properly applied the *Milkovich* factors in *Lively* and in *Jaillett v. Ga. Television Co.*, 238 Ga. App. 885, 890 (520 SE2d 721) (1999); *Harcrow v. Struhar*, 236 Ga. App. 403, 404 (511 SE2d 545) (1999); *Webster v. Wilkins*, 217 Ga. App. 194 (1) (456 SE2d 699) (1995); and *Eidson v. Berry*, 202 Ga. App. 587 (415 SE2d 16) (1992). However, in the case at bar, in *Lippy v. Benson*, 276 Ga. App. 50 (622 SE2d 385) (2005), and in *Holsapple v. Smith*, 267 Ga. App. 17 (3) (599 SE2d 28) (2004), the Court of Appeals took the *Milkovich* factors for determining whether an "opinion" is actionable as defamatory and incorporated them into the test for determining whether a declaration is slander per se. The result is an internally inconsistent standard requiring the court to look to the plain import of the words spoken and not use innuendo to enlarge their meaning and, at the same time, look beyond the words

themselves to see if a defamatory meaning can be inferred. We take this opportunity to disapprove this blended test as the method by which a court determines whether words are defamatory per se.

While Faircloth asserted the "opinion defense," employment of the *Milkovich* factors determines only that the alleged opinion is actionable as slander. The *Milkovich* factors have no bearing on whether the words used constitute slander per se. Since Stoker did not include in his amended complaint a plea for special damages under OCGA § 9-11-9 (g), his complaint is limited to one alleging slander per se. *McGee v. Gast*, supra, 257 Ga. App. at 885. The words at issue cannot support a claim for slander per se since they are not recognizable as injurious on their face and do not, on their face, cast aspersions on Stoker's reputation because of the particular demands or qualifications of his profession. Accordingly, Faircloth was entitled to summary judgment on the claim of slander per se, and the portion of the judgment of the Court of Appeals affirming the trial court's denial of summary judgment to Faircloth must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 26, 2006.

*Gambrell & Stolz, Robert G. Brazier, Steven G. Hall, Seaton D. Purdom*, for appellants.

*Walter E. Harrington, Jr., Shirley R. Watson, Martin, Snow, Grant & Napier, William H. Larsen, John T. McGoldrick, Jr., Michael N. White, Michael M. Smith*, for appellees.