[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15960
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-04086-JOF


MAMIE COOK-BENJAMIN,

Plaintiff-Appellant,

versus

MHM CORRECTIONAL SERVICES, INC.,
WILLIAM BRICKHOUSE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 11, 2014)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Mamie Cook-Benjamin appeals from the district court's order granting summary judgment in her civil action against MHM Correctional Services (MHM) and Dr. William Brickhouse (collectively "the defendants").  Cook-Benjamin's attorney Clifford Hardwick appeals from the district court's order awarding sanctions against him under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.  For the reasons that follow, we affirm.

I.

Cook-Benjamin, through counsel, filed a complaint against MHM and Brickhouse claiming that MHM failed to pay overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and that Brickhouse's disclosure to other MHM staff that Cook-Benjamin had been shot in the head during a domestic dispute in 2001 violated HIPPA regulations, constituted defamation, and caused intentional infliction of emotional distress (IIED).  The defendants moved to dismiss for failure to state a claim.  The district court dismissed the HIPPA claim because there was no private right of action, advised counsel that the FLSA claim was not properly pleaded, and instructed counsel to file an amended complaint clarifying Cook-Benjamin's claims.

Thereafter, Cook-Benjamin, again through counsel, filed an amended complaint, alleging defamation, wage and hour violations under the FLSA, hostile work environment and retaliation under the FLSA, and IIED.

2

The parties commenced discovery. During her deposition, Cook-Benjamin admitted that she had not kept any records relevant to her wage and hour claim, and she conceded that she had not used MHM's recording forms to obtain overtime pay. Cook-Benjamin then failed to fully respond to discovery requests and never served any discovery requests on the defendants. Defense counsel notified Hardwick several times that Cook-Benjamin's complaint lacked merit, and urged him to withdraw the complaint or face sanctions. Hardwick refused to withdraw the complaint.

The defendants moved for sanctions under Rule 11 and 28 U.S.C. § 1927, because Cook-Benjamin had admitted facts fatal to her FLSA claim in her deposition, failed to follow the court's order to re-plead her claims properly, failed to conduct any discovery, and failed to submit any evidence to support her claims. They also argued that Hardwick, Cook-Benjamin's counsel, should be sanctioned for failing to review the facts before filing the complaint and continuing to litigate baseless claims despite warnings that the claims were frivolous. The district court reserved ruling on the sanctions motion until after the summary judgment stage.

The defendants then filed their summary judgment motion. The defendants first argued that there was no evidence of any Title VII hostile work environment or retaliation, and in any event Cook-Benjamin had not exhausted her Title VII claims. Next, the defendants pointed out that there was no evidence to support an

3

FLSA wage and hour claim. With respect to the state law defamation and IIED claims, the defendants argued that there was no evidence the statements were false and no showing of damages.

In response to the summary judgment motion, Cook-Benjamin waived her FLSA wage and hour claims, but reiterated that she was raising hostile work environment and retaliation claims under the FLSA.

The district court granted summary judgment on all claims. Addressing the IIED claims, the court concluded that more egregious conduct had not qualified as IIED in other cases. The court further noted that Brickhouse's statements were not false and there was no evidence Cook-Benjamin suffered damages.

Addressing the motion for sanctions, the court repeatedly chastised counsel concerning his conduct. The court noted that, given the background of the case, counsel knew from the beginning that the FLSA claim was frivolous but he waited until his response to the summary judgment motion to waive it. The court further noted that there was no evidence to support the FLSA retaliation claim, and no reasonable basis to bring a hostile work environment claim under the FLSA. Accordingly, the court found that sanctions against Hardwick were appropriate for these claims. But the court found sanctions were not warranted on the state-law claims for defamation and IIED.

4

At the court's instruction, the defendants filed a motion for fees and costs complete with invoices for their expenses.  In total, the defendants requested $108,590.40 in fees and costs.  In response, counsel argued that he had not brought the case in bad faith and the amounts requested by the defendants included some double – or even triple – fees for work done in two companion cases brought against MHM.

The district court considered the number of hours involved and the fees claimed for the work and found them reasonable.  The court deducted fees for work done with the companion cases.  The court then explained that, because defense counsel had not specified which work pertained to the FLSA claims and which related to the state-law claims – for which sanctions were not warranted – the court would reduce the fee request by 20 percent.  Accordingly, the court awarded fees and costs in the amount of $85,217.28 against Hardwick.  No sanctions were imposed on Cook-Benjamin individually.  Cook-Benjamin and Hardwick now appeal.

## II.

We review *de novo* the district court's grant of summary judgment. *Robinson v. Tyson Foods, Inc.,* 595 F.3d 1269, 1273 (11th Cir. 2010).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

5

Fed.R.Civ.P. 56(a). "We draw all factual inferences in a light most favorable to the nonmoving party." *Shiver v. Chertoff,* 549 F.3d 1342, 1343 (11th Cir. 2008).

Cook-Benjamin challenges only the court's grant of summary judgment on her defamation and IIED claims. But we agree with the district court that summary judgment was proper.

Under O.C.G.A. § 51-5-4, defamation requires, *inter alia*, "[m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein."

> The kind of aspersion necessary . . . must be one that is especially injurious to the plaintiff's reputation because of the particular demands or qualifications of plaintiff's vocation. . . . [T]he words must either be spoken of the plaintiff in connection with his calling or they must be of such a nature such as to charge him with some defect of character or lack of knowledge, skill, or capacity as necessarily to affect his competency successfully to carry on his business, trade, or profession.

*Bellemead, LLC v. Stoker*, 631 S.E.2d 693, 695 (Ga. 2006).

Cook-Benjamin cites to the following statements as evidence of defamation: Brickhouse called her "Bullethead," Brickhouse told another employee that Cook-Benjamin was in a "stupider" state, and that she was "crazy." But none of these support a defamation claim. Cook-Benjamin concedes that she was shot in the head in 2001, thus technically Brickhouse's name-calling, however inconsiderate,

6

is not false.  Moreover, his statements that she was "stupider" and "crazy"

constitute his opinion and thus cannot be proven false.  *See, e.g., Info.

Sys. and Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1228 (11th Cir. 2002).

Additionally, the statements do not specifically refer to Cook-Benjamin's

profession and thus are not actionable.  *See* O.C.G.A. § 51-5-4(a)(3); *Bellemead,

LLC,* 631 S.E.2d at 695.   Accordingly, summary judgment was proper on this

claim.

To bring an actionable IIED claim in Georgia a plaintiff must show (1)

intentional or reckless conduct (2) that is extreme and outrageous and (3) caused

emotional distress (4) that is severe.  *Trimble v. Circuit City Stores*, 469 S.E.2d

776, 778 (Ga. Ct. App. 1996).   "Liability has been found only where the conduct

has been so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable

in a civilized community."  *Garcia v. Shaw Indus., Inc.*, 741 S.E.2d 285, 289 (Ga.

Ct. App. 2013).   "[M]ere insults, indignities, threats, annoyances, petty

oppressions, or other vicissitudes of daily living," are insufficient to establish

extreme or outrageous conduct.  *Jarrard v. United Parcel Serv.*, 529 S.E.2d 144,

147 (Ga. Ct. App. 2000).   "Whether a claim rises to the requisite level of

outrageousness and egregiousness to sustain a claim for intentional infliction of

7

emotional distress is a question of law." *Garcia*, 741 S.E.2d at 289 (citation and internal punctuation omitted).

The facts of this case do not rise to the level of IIED. Cook-Benjamin cites to only four instances that occurred over many years, and she concedes that she did not hear any of the comments herself. Brickhouse's statements, although inconsiderate, are not so extreme in degree or so outrageous in character as to be actionable. Summary judgment was therefore proper.

## III.

We review a district court's decision regarding sanctions under Rule 11 and 28 U.S.C. § 1927 for an abuse of discretion. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).

Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (internal quotation marks omitted); *see also* Fed.R.Civ.P. 11(b), (c). In analyzing whether Rule 11 sanctions are appropriate, a district court first must determine whether a party's claims are "objectively frivolous" in view of the facts or law. If the court finds they are, it must determine

8

that the person who signed the pleading "should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Jones*, 49 F.3d at 695.  "The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quotation omitted).  The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed.R.Civ.P. 11(c)(4).  Likewise, "[t]he conduct and resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed."  *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir.1998).

"Section § 1927 contains three essential requirements: (1) unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the amount of the sanction must bear a 'financial nexus to the excess proceedings.'" *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).  "An attorney multiplies court proceedings 'unreasonably and vexatiously,' thereby justifying sanctions under 28 U.S.C. § 1927, only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'"  *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010) (internal citations and quotation marks omitted).

Hardwick argues that sanctions were not warranted because Cook-Benjamin was not raising a Title VII claim, and thus he is being sanctioned for a claim he did

9

not make.  He reiterates that there was a basis in law and fact for the FLSA claims, as the FLSA claim are "undisputed."  Hardwick further argues that the court abused its discretion in awarding sanctions in the amount of $85,217.28 because the court failed to determine the amount of fees that related to the state-law claims or to the work done in the other two cases, and the court failed to consider his ability to pay.

On review of the record, we cannot say that the district court abused its discretion here.  First, sanctions under Rule 11 were appropriate because there was no legal or factual basis to support the FLSA wage and hour or hostile work environment claim.  As Cook-Benjamin conceded during her deposition, she did not have any of her time sheets to show wage and hour violations.  Nor did she avail herself of MHM's process to obtain wages for the overtime she worked.  Moreover, there is no hostile work environment claim available under the FLSA.  *See, e.g.,* 29 U.S.C. § 201, *et seq.*  Had counsel conducted any meaningful research, he would have – and indeed should have – discovered both the lack of evidence to support the overtime claim and the inability to bring a cause of action for hostile work environment under the FLSA.  Nevertheless, counsel refused to drop these claims, despite warnings from opposing counsel and the court, and he continues to pursue these claims before this court by reasserting wage and hour violations despite the shocking lack of evidence.  Thus, we have no difficulty

10

agreeing with the district court's finding that the federal causes of action were frivolous from the beginning, and sanction under Rule 11 were proper.

Moreover, counsel's steadfast refusal to drop these claims until the response to the defendants' summary judgment motion unnecessarily and unreasonably multiplied the litigation. Thus, we agree with the district court's conclusion that sanctions under § 1927 were appropriate as well.

Although Hardwick argues otherwise, the district court was not required to hold a hearing prior to imposing sanctions where, as here, counsel was given an opportunity to respond to the Rule 11 allegations. *Donaldson v. Clark*, 819 F.2d 1551, 1561 (11th Cir. 1987) (*en banc*). Moreover, the district court was well aware of the facts of the case and the conduct leading to the sanctions request. Any additional hearing would only have further wasted judicial resources. *Id.* at 1561, n.13.

Hardwick raises two other arguments regarding the sanctions. We will not consider Hardwick's argument, raised for the first time on appeal, that the court should have considered his inability to pay. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (explaining that we decline to consider arguments raised for the first time on appeal). And Hardwick fails to identify any specific instance in which there was double billing for work done on the companion cases. The district court reviewed the invoices defense counsel

11

submitted and reduced the award for two instances that applied to the companion cases. The court specifically considered this issue and found that the companion cases involved different issues with little overlap.

Based on our review of the record, we cannot conclude that the district court abused its discretion in awarding sanctions under Rule 11 and § 1927. Moreover, we see no error in the amount of sanctions imposed. Accordingly, we affirm.

**AFFIRMED.**