*District Attorney*, for appellee.

### 69172. ROWLAND v. HUNT et al.
(324 SE2d 826)

SOGNIER, Judge.

Terry and Sharon Hunt brought this action against Ronald Rowland, a real estate agent, for tortious interference with their contract for the purchase of a house. The Hunts executed the sales contract and paid Rowland earnest money to secure that contract, but prior to the closing, without the Hunts' knowledge, Rowland arranged for the property to be sold to other parties. The jury returned a verdict in favor of the Hunts for actual and punitive damages against Rowland. Rowland appeals.

Appellant contends that the trial court erred by refusing to direct a verdict in his favor on the ground that he was not liable for tortiously interfering with a contract which was void for lack of mutuality and failure to specify a closing date. The contract provided that "Purchasers must apply for and be approved for the 265 Program by FHA." A special stipulation in the contract provided: "This sale is contingent upon the purchasers selling and closing their home . . . or obtaining the necessary funds to finalize this transaction. In the event another offer is presented equal to or better than this offer, purchaser has 72 working hours in which to exercise the first right of refusal and to delete the contingency clause." The contract did not specify a date by which FHA approval was to be applied for or obtained, nor did it provide a closing date.

Appellant argues that he cannot be held liable as a matter of law because the contract is void for failure to specify a date by which appellees had to apply for FHA approval and by which the closing would be held. We find no merit in this argument because in these circumstances a reasonable time is implied. See *Griffith v. Fed. Deposit Ins. Corp.*, 242 Ga. 367, 368 (249 SE2d 54) (1978); *Whitley v. Patrick*, 226 Ga. 87, 89 (4) (172 SE2d 692) (1970).

We also find no merit in appellant's argument that the contract is void for lack of mutuality because of the language contained in the contingency clause regarding the sale of appellees' house. "[A] discretionary contingency provision placed in a real estate sales contract for the purchaser's protection does not render the contract unenforceable for lack of mutuality where the purchaser has provided consideration for the contract by paying earnest money." *Koets, Inc. v. Benveniste*, 169 Ga. App. 352, 353 (312 SE2d 846) (1983), aff'd, 252 Ga. 520 (314 SE2d 912) (1984). In the instant case it is uncontroverted that appellees paid appellant earnest money in consideration for the contract.

Furthermore, the test as to whether a contract is sufficiently mutual to be enforced is to be made at the time the contract is sought to be enforced. *Griffith,* supra at 368. Because the property was sold without notice to appellees, appellees had no opportunity to remove the contingency in accordance with the contract.

A motion for directed verdict can be granted only "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . ." OCGA § 9-11-50 (a). Since as a matter of law appellant's contention that the contract was void is without merit, and the evidence did not demand a verdict in his favor, the trial court did not err by refusing to grant appellant's motion for directed verdict.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

Decided December 5, 1984.

R. Joneal Lee, for appellant.
Robert M. Richardson, for appellees.