A89A2338. BURNS et al. v. PUGMIRE et al.
(392 SE2d 62)

COOPER, Judge.

Appellants, unable to obtain financing from a lending institution to purchase a house owned by appellees, entered into a contract for the sale of realty with appellees. The contract, executed by the parties without the assistance of an attorney, provided that the purchase price of said property was $79,500, to be paid as follows: "Six Hundred Seventy-Five and 00/100 Dollars ($675.00) per month, including taxes and insurance for mortgage holder's contract period remaining, or until buyer elects to refinance." The contract specifically acknowledged appellees' receipt of $4,000 earnest money from appellants, to be applied as part payment of the purchase price at the consummation of the sale, but was silent as to a closing date.

The record reflects that upon execution of the contract appellants took possession of the property and made monthly payments of $675 for approximately nine months, at which time appellees requested that appellants increase their payments to $792.25. Appel-

lants made these increased payments for approximately one year, and appellees asked appellants to increase their monthly payments again. Appellants refused and notified appellees of their belief that the terms of the original contract were not changeable; and that by paying $792.25 for several months they had overpaid appellees by $1,524.25, which meant they made the next two months' payments in advance. Appellants received a letter from appellees' attorney giving them 60 days to vacate the property and by separate letter refunded the earnest money less an amount due which represented rent for two months. After 60 days had elapsed appellants were served with a dispossessory action. Appellants, contending that they were not tenants, answered and counterclaimed on the ground that they had equitable title in the property. Both parties filed motions for summary judgment. The trial court granted appellees' motion on the main claim and the counterclaim, and appellants bring this appeal.

1. Appellants' first two enumerations of error can be addressed by determining whether the trial court's grant of summary judgment to appellees was proper. The material facts are not in dispute; therefore, appellees were entitled to a judgment as a matter of law if a landlord-tenant relationship existed.

We agree with appellants that where a party enters upon land under a contract of purchase, the relationship of landlord and tenant does not come into existence. *MacKenna v. Jordan*, 123 Ga. App. 801 (1) (182 SE2d 550) (1971). However, it is axiomatic that a contract for the sale of real property is unenforceable if it is vague, indefinite and uncertain. *Collins v. Wright*, 119 Ga. App. 4 (165 SE2d 878) (1969); *Hicks v. Stucki*, 109 Ga. App. 723 (1) (137 SE2d 399) (1964). "The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential." *Green v. Zaring*, 222 Ga. 195 (1) (149 SE2d 115) (1966). " 'Where the amount of the purchase price fixed by the contract is certain and definite, but the terms of payment are indefinite and uncertain, the writing is not a contract and confers no rights and imposes no liability.' [Cits.]" *Zappa v. Basden*, 188 Ga. App. 472, 475 (373 SE2d 246) (1988). The contract in the case at bar provides for monthly payments for the mortgage holder's contract period remaining, or until buyer elects to refinance. Neither party attached a copy of the mortgage to the contract, nor is the document a part of the record. Thus, it is impossible to determine whether appellants' $675 monthly payments for the mortgage period remaining will total $79,500, or whether there will be a balance due at the end of the mortgage period remaining. No provision is made as to the method of payment if a balance remains. Furthermore, the contract does not specify the closing date, which party was to pay closing costs, and when transfer of

title and delivery of a deed from appellees to appellants will take place. Although in the absence of a closing date a reasonable time will be implied (*Rowland v. Hunt*, 172 Ga. App. 895 (324 SE2d 826) (1984)), here, neither party took any action to consummate the sale for almost two years. Therefore, we conclude that the trial court correctly found the contract to be too vague, indefinite and uncertain to be enforceable.

There being no valid contract for the sale of the property, the trial court's ruling that appellants were tenants at will was not error. "When, in an action for rent, title is shown in the plaintiff and occupation by the defendant is proved, an obligation to pay rent is generally implied." OCGA § 44-7-5. Accordingly, the trial court's grant of summary judgment to appellees on the main claim was not error.

2. Appellants contend in their third enumeration of error that the trial court erred in granting appellees' motion for summary judgment on appellants' counterclaim. Appellants' counterclaim is premised upon the existence of a valid and enforceable sales contract. Because of our holding in Division 1, we find no error with the trial court's grant of summary judgment to appellees on appellants' counterclaim.

3. In their fourth enumeration of error, appellants contend that the trial court erred in denying their motion for summary judgment. For the reasons stated in Division 1 of this opinion, the trial court's denial of summary judgment to appellants was not error.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 15, 1990.

*Donald B. Walker, Nancy H. Murphy*, for appellants.
*Fletcher Thompson*, for appellees.