## A97A1390. LEMMING v. MORGAN.
### (492 SE2d 742)

JOHNSON, Judge.

Larry Lemming appeals from the grant of summary judgment to Jackson Morgan in this action based on the alleged breach of an oral agreement.

Viewing the facts in the light most favorable to Lemming as non-movant on a motion for summary judgment, the evidence shows that Lemming and Morgan entered into an oral partnership agreement. Lemming was to use his business connections and influence to locate real estate, assist Morgan in obtaining financing to purchase property, and then assist Morgan in reselling or developing the property. Lemming was involved in a divorce proceeding and was experiencing tax problems at the time the agreement was entered into and states, rather frankly, that he therefore did not want property titled in his own name. He and Morgan agreed to temporarily put title to the property in Morgan's name. Morgan was to transfer one-half of his interest in the property to Lemming and split any proceeds earned from the developments with him "if and when" Lemming's personal and tax problems subsided.

Over a four- or five-year period, Lemming located five properties for development. He helped Morgan obtain documents necessary for Morgan to secure financing and found buyers for some of the properties and for the timber on other parcels. All of the money used to purchase the properties was borrowed by Morgan. According to Lemming, his personal problems subsided, but Morgan refused to transfer one-half of his interest in the properties or split the proceeds from some of the developments. Lemming sued Morgan for fraud and breach of the alleged oral agreement, seeking judgment in an amount equal to one-half the value of the real estate or a decree transferring to him a one-half ownership interest in the properties. Morgan denied the existence of any such agreement and argued, alternatively, that if such an agreement did exist, Lemming was liable to him for one-half of all investment costs and expenses incurred and

one-half of all liabilities, indebtedness and obligations related to the properties. Morgan moved for summary judgment, arguing that the claim is barred by the statute of frauds because the purported agreement was for the sale of lands, an interest in lands, or concerning lands, and because it could not be performed within one year. Morgan further argued the alleged agreement was too vague to be enforceable. The trial court granted Morgan's motion for summary judgment.

1. Lemming argues that the statute of frauds does not apply in this case because he performed his obligations under the agreement. Under the circumstances presented here, his argument is without merit.

The statute of frauds requires that "[a]ny contract for sale of lands, or any interest in, or concerning lands" be in writing. OCGA § 13-5-30 (4); see *East Piedmont 120 Assoc., L.P. v. Sheppard,* 209 Ga. App. 664, 666 (434 SE2d 101) (1993). It is true that the statute of frauds does not extend to those cases "[w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance." OCGA § 13-5-31 (3). However, a parol contract sought to be enforced based on part performance must be certain and definite in all essential particulars. See *Bridges v. Reliance Trust Co.,* 205 Ga. App. 400, 402 (2) (422 SE2d 277) (1992). To be valid, an agreement to convey an interest in land must be certain enough to enable either party to enforce it according to its terms. See *Pettit v. Gray,* 211 Ga. App. 439 (439 SE2d 673) (1993); *Burns v. Pugmire,* 194 Ga. App. 898, 899 (1) (392 SE2d 62) (1990). For example, the failure of the parties to agree to the specifics of payment is fatal to the agreement where it is sought to be enforced on that basis. See *Pettit,* supra at 440.

The alleged oral agreement in this case was not sufficiently certain or definite to be enforceable. The agreement Lemming seeks to enforce had no specific provisions regarding when transfer of title, division of proceeds, or sale of the properties was to take place; how or when development was to take place on any of the properties; how development or other costs of the ventures were to be allocated; how, when or by whom it would be decided whether the properties would be sold or whether one-half of Morgan's interests in the various properties would be transferred to Lemming; or how proceeds would be calculated. Testimony that Lemming was to get one-half of the proceeds "if and when" his personal and tax problems subsided is too vague to be enforceable. See, e.g., *Farmer v. Argenta,* 174 Ga. App. 682, 683-684 (331 SE2d 60) (1985) (physical precedent only). While the doctrines of reasonable time or reasonable requirements might supply some details to an agreement, "indefiniteness in subject matter so extreme as not to present anything upon which the contract

may operate in a definite manner renders the contract void." (Citations and punctuation omitted.) *Cherokee Falls Investments v. Smith*, 213 Ga. App. 603, 605 (1) (445 SE2d 572) (1994).

The fact that Lemming may have performed his obligations under the purported agreement does not require a different outcome. Although in some contexts performance may supply the definiteness required for an enforceable contract, in this case it does not. The deficiencies here were not cured by performance "because the agreement relied upon was so vague, indefinite and uncertain as to make it impossible for courts to determine what, if anything, was agreed upon, therefore rendering it impossible to determine whether there had been performance." (Citation and punctuation omitted.) *Jackson v. Williams*, 209 Ga. App. 640, 643 (1) (434 SE2d 98) (1993). It has not been shown, with any reasonable certainty, what the parties were obligating themselves to do. See *Cherokee Falls Investments*, supra. Since there is no evidence of past performance sufficient to remove the agreement from the statute of frauds, the trial court did not err in granting Morgan's motion for summary judgment. See *Bagwell-Hughes, Inc. v. McConnell*, 224 Ga. 659, 661-662 (164 SE2d 229) (1968).

It has not escaped our notice that Lemming virtually admits that he sought to mislead the government and his personal creditors about his assets and contingent assets in the way he attempted to structure his "agreement" with Morgan. However, because the principles outlined above resolve the issue of the enforceability of the purported agreement, it is not necessary for us to address the issue of whether such an apparently illegal contract would ever be enforceable.

2. Lemming contends the trial court erred in failing to consider the issue of performance in granting summary judgment to Morgan. Although the trial court does not discuss performance in its order, Lemming presented the argument to the trial court, and we will presume the trial court considered it in reaching its decision. See generally *Washington State Employees &c. v. Robinson*, 206 Ga. App. 782 (1) (427 SE2d 15) (1992); *Bimbo Builders v. Stubbs Properties*, 158 Ga. App. 280, 282 (2) (279 SE2d 730) (1981). We find no error.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 9, 1997 — 

*Wade C. Hoyt III*, for appellant.
*Davidson & Strain, William E. Davidson, Jr.*, for appellee.