## A02A2102. RAZAVI et al. v. SHACKELFORD.

(580 SE2d 253)

MIKELL, Judge.

Ehsan Razavi and Ingrid Trivino appeal the grant of summary judgment to Frank Shackelford in his action seeking the cancellation of real property liens filed by Razavi.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, Razavi and Trivino filed 14 "affidavits for recording" against properties owned by Shackelford, alleging that Razavi and Shackelford entered an oral partnership agreement on June 28, 1998, to purchase, renovate, and sell real estate; that Shackelford's role was to purchase the properties, while Razavi located them and supervised their renovation; and that Razavi was entitled to 50 percent of the profits earned by Shackelford on the properties. Trivino, who is Razavi's girlfriend, also averred that she was a licensed real estate agent and that she assisted Razavi. Shackelford filed a petition to cancel and remove the liens created by the affidavits.

Razavi and Trivino answered and filed a counterclaim for breach of contract, breach of fiduciary duty, wrongful dissolution, breach of implied promise to pay for services, quantum meruit, fraud, conversion, reformation, partition, constructive trust, and stubborn litigiousness. Shackelford moved for summary judgment, arguing that there was no oral agreement, that the statute of frauds barred the alleged oral agreement, that the alleged oral agreement was too

---

[1] (Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

vague to enforce, and that the defendants admitted that they had no claim to the properties at issue. The trial court granted Shackelford's motion, finding that the alleged oral agreement was too vague to be enforced, and that there was not sufficient evidence in the record to support Razavi's counterclaim for quantum meruit. We affirm the ruling on the oral agreement but find the evidence on the quantum meruit claim sufficient to withstand summary judgment.

1. Razavi first argues that the trial court erred in finding that the agreement was too vague to enforce.

> The first requirement of the law relative to contracts is that there must be a meeting of the minds of the parties, and mutuality, and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible.[2]

Razavi deposed that he and Shackelford did not discuss the duration of the agreement, the time each renovation should take, the length of time a property would be held until it was resold, how the houses would be selected, or how the properties would be held after their purchase. There was no agreement reached as to how Razavi would be compensated if Shackelford lost money on a house or how they would offset profits and losses. Razavi admitted that he and Shackelford only discussed one property on June 28. Other properties and their circumstances were discussed at a later date. As there was no meeting of the minds on essential terms, we agree with the trial court's finding that the oral agreement was not enforceable.[3]

In *Burns v. Dees*,[4] a case similar to the instant case, the parties entered an oral agreement whereby one party (the "developer") agreed to use his business expertise to develop property for the other party in exchange for a one-third interest in the profits and sale of the property. "The agreement contained no additional terms or conditions; there was no discussion regarding the allocation of costs or losses, frequency of payments of profits, the specific use of the property or sale of the property, or how the profits or proceeds were to be calculated and when and how they were to be distributed."[5] After the sale of the property and the owner's death, the developer sued the

---

[2] (Citations and punctuation omitted.) *Bagwell-Hughes, Inc. v. McConnell*, 224 Ga. 659, 661-662 (164 SE2d 229) (1968).

[3] Id.

[4] 252 Ga. App. 598 (557 SE2d 32) (2001).

[5] Id. at 599.

owner's estate, alleging breach of contract, quantum meruit, and several other causes of action.[6]

Despite the fact that the owner had represented to others that the developer had an ownership interest in the property, the trial court granted summary judgment to the executor on each claim. We affirmed, holding that "the agreements are too indefinite to be enforced as a matter of law. . . . It is well-established that a contract does not exist unless the parties agree on all material terms. OCGA § 13-3-2. A contract cannot be enforced if its terms are incomplete, vague, indefinite or uncertain."[7] Similarly, in *Lemming v. Morgan*,[8] we held that an oral partnership agreement to locate and sell or develop real estate was not enforceable where there were no provisions as to how the

> transfer of title, division of proceeds, or sale of the properties was to take place; how or when development was to take place on any of the properties; how development or other costs of the ventures were to be allocated; how, when or by whom it would be decided whether the properties would be sold . . . or how proceeds would be calculated.[9]

The facts in the case sub judice are analogous to those in *Burns* and *Lemming* and do not warrant a different result.[10]

Razavi's arguments, that his performance of services in connection with the alleged contract renders it enforceable, also fail. Performance does not cure the deficiencies in an agreement that is so vague, indefinite, and uncertain "as to make it impossible for courts to determine what, if anything, was agreed upon, therefore rendering it impossible to determine whether there had been performance."[11]

2. However, we agree with Razavi that material issues of fact remain on his counterclaim for quantum meruit.

> In order to recover under a quantum meruit theory, claimant must show (1) his performance as agent of services valuable to the defendants; (2) either at the request of the defendants or knowingly accepted by the defendants; (3) the

---

[6] Id. at 601.

[7] (Citations and punctuation omitted.) Id. at 601-602 (1) (a).

[8] 228 Ga. App. 763 (492 SE2d 742) (1997).

[9] Id. at 764 (1).

[10] See also *Cherokee Falls Investments v. Smith*, 213 Ga. App. 603, 605 (1) (445 SE2d 572) (1994) (alleged land development contract unenforceable where it did not contain terms of how or when the development was to occur, the allocation of costs and profits between the parties, the proposed completion date for the development project, or whether the joint venture was limited to development of a certain area).

[11] (Citation and punctuation omitted.) *Bagwell-Hughes, Inc.*, supra at 662.

defendants' receipt of which without compensating claimant would be unjust; [and (4)] claimant's expectation of compensation at the time of the rendition of the services.[12]

In Razavi's and Trivino's deposition, they discuss at length the services that they performed for Shackelford in connection with the properties in exchange for a portion of the profits. In Razavi's affidavit, he provides a detailed list of the work that he completed on each property. Whether Shackelford received a benefit from Razavi's work and the value of that work are issues exclusively within the province of the jury to decide.[13] Thus, Shackelford's argument that Razavi cannot recover under quantum meruit because he failed to present evidence of the value of his services is without merit. Shackelford's argument that Razavi is not entitled to compensation for his services because he was not a licensed real estate broker or agent is not properly before this court as it was not raised below.[14]

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 25, 2003 —
RECONSIDERATION DENIED MARCH 27, 2003.

*Dietrick, Evans, Scholz & Williams, Paul A. Dietrick*, for appellants.
*Fowler, Hein & Kreimer, Stanley E. Kreimer, Jr.*, for appellee.

[12] (Citations and punctuation omitted.) *Artrac Corp. v. Austin Kelley Advertising*, 197 Ga. App. 772, 777 (5) (399 SE2d 529) (1990).

[13] *Pembroke Steel Co. v. Technical Sales Assoc.*, 138 Ga. App. 744, 745 (2), (3) (227 SE2d 491) (1976). See also *Watson v. Sierra Contracting Corp.*, 226 Ga. App. 21, 28-29 (c) (485 SE2d 563) (1997) ("To the extent the trial court determined liability under the theory of quantum meruit as a matter of law, the trial court erred because whether or not appellant received any benefit from appellee's work and is liable for such payment is a question of fact for the jury.").

[14] *Aukerman v. Witmer*, 256 Ga. App. 211, 218 (3) (568 SE2d 123) (2002) ("This court . . . will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal.") (punctuation and footnote omitted).