A05A0603. CARTER et al. v. PARISH et al.
(616 SE2d 877)

BERNES, Judge.

Defendants M. S. Carter and John F. Leonard appeal from the Cobb County Superior Court's grant of partial summary judgment to plaintiffs Charles Robert Parish, Jr. and George R. C. Kingston on Carter and Leonard's counterclaims raised in the underlying action. For the reasons set forth below, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's grant of summary judgment de novo. *City of McCaysville v. Cardinal Robotics, LLC*, 263 Ga. App. 847 (589 SE2d 614) (2003).

So viewed, the record shows that in 1993, Carter, Leonard, Parish, and Kingston entered into an agreement to purchase real

property located at 2671 South Cobb Drive, Smyrna, Georgia. Contemporaneously, the parties formed Car Care Enterprises, Inc. ("CCE"), a Georgia corporation, which held title to the real property. Each of the parties was issued 25 percent of the outstanding shares of stock in CCE, and each was named as a director. The parties, as CCE's directors, unanimously adopted corporate by-laws which required that "all actions taken by the Board of Directors . . . be by unanimous vote." According to Carter, they also entered into an oral agreement under which Carter would be compensated for running the day-to-day operations of the business, and under which all four parties would be equally responsible for the costs, expenses, and capital expenditures incurred on behalf of CCE.

Following the purchase of the property in Cobb County, CCE began operating an automotive repair and oil change business on the premises, with Carter handling the daily business operations. However, Carter contends he was not paid any salary by CCE after his first year of handling the daily operations.

From 1993 to 1997, CCE operated the automotive repair and oil change business on the premises as a Valvoline Instant Oil Change franchise. In 1997, Valvoline commenced several separate suits in order to recover unpaid royalties. The litigation with Valvoline ended in a joint settlement. As part of the settlement agreement, CCE and Quicky Lube Oil, Inc. agreed to pay a lump sum settlement of $31,050 to Valvoline, and Carter, Leonard, Parish, and Kingston agreed to be jointly and severally liable for the settlement amount.

From at least 1997 onward, the automotive repair and oil change business was operated as Quicky Lube Oil, Inc. Quicky Lube paid rent to Carter & Associates, a general partnership equally owned by Carter and Leonard. In 1999, Carter conveyed the real property from CCE to Carter & Associates. Carter & Associates, in turn, leased the property to Southeast Express Lubes, LLC, which paid rent to the partnership in the amount of $4,500 per month.

On December 9, 2002, Parish and Kingston filed suit against Carter and Leonard, alleging, inter alia, that the real property had been illegally conveyed to Carter & Associates without their knowledge or permission, and that they had not received their fair share of the rents and other funds generated by the real property. Carter and Leonard answered and counterclaimed on several grounds,[1] alleging that Parish and Kingston breached their oral agreement to compensate Carter for running the daily operations of CCE and to be equally

---

[1] Carter and Leonard alleged breach of contract, breach of fiduciary duty, abandonment of corporate responsibilities and opportunities, breach and abandonment of shareholder agreement, and attorney fees under OCGA § 13-6-11.

responsible for the costs, expenses, and capital expenditures incurred on behalf of CCE. They further alleged that Parish and Kingston breached their agreement to contribute to the settlement paid in the Valvoline litigation.

On March 10, 2003, Parish and Kingston moved for partial summary judgment, seeking dismissal of Carter and Leonard's counterclaims. Parish and Kingston contended that the alleged oral agreement between the parties to compensate Carter and to be equally responsible for costs, expenses, and capital expenditures was barred by the Statute of Frauds and the applicable statute of limitation. They further contended that the allegations concerning the Valvoline settlement failed as a matter of law because Quicky Lube, not Carter or Leonard, paid the settlement amount.

On June 29, 2004, after full briefing and hearing oral argument from the parties, the trial court entered its order granting Parish and Kingston's motion for partial summary judgment on the counterclaims. It is from that order that Carter and Leonard now appeal.

1. Carter and Leonard contend that the trial court erred in dismissing their counterclaims predicated on the alleged oral agreement between the parties. We disagree. Even assuming the oral agreement existed, the Statute of Frauds bars its enforcement. Any salary owed to Carter and any reimbursement to Carter or Leonard for costs and expenses was owed in the first instance by the corporate entity CCE, not their fellow directors. See, e.g., *Barnes v. Finnegan Enterprises*, 150 Ga. App. 430 (1) (258 SE2d 55) (1979) (a corporation and the owners of its stock are "two separate and distinct persons") (citations omitted). The oral agreement between the four CCE directors Carter, Leonard, Parish, and Kingston thus was "[a] promise to answer for the debt . . . of another," which is one of the specific types of agreements that must be in writing under the Statute of Frauds. OCGA § 13-5-30 (2).

Recognizing this point, Carter and Leonard explicitly concede in their appellate brief that the oral agreement would normally be barred by the Statute of Frauds. However, they contend that the part performance exception to the Statute of Frauds applies in this case, thus permitting enforcement of the oral guaranty agreement. See OCGA § 13-5-31 (3). We cannot agree.

Under that part performance exception, the writing requirement of the Statute of Frauds is inapplicable "[w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance." OCGA § 13-5-31 (3). "Such performance, however, is not sufficient . . . to remove an oral agreement from [the Statute of Frauds] unless the part performance is consistent with the presence of a contract and inconsistent with the lack of a contract." (Citation and punctuation

omitted.) *Alkaril Chem. v. O'Lenick*, 202 Ga. App. 230, 231 (1) (414 SE2d 257) (1991). See also *Baxley Veneer & Clete Co. v. Maddox*, 261 Ga. 309, 310-311 (1) (404 SE2d 554) (1991); *Stoker v. Bellemeade, LLC*, 272 Ga. App. 817, 820 (2) (615 SE2d 1) (2005).

Here, Carter and Leonard contend that the fact that Carter handled the daily operations of CCE for an extended period in a manner that benefitted the other directors constituted sufficient part performance to render the writing requirement inapplicable to the oral guaranty agreement. However, nothing in Carter's actions was inconsistent with the *lack* of an employment agreement between CCE and Carter, see *Baxley Veneer & Clete Co.*, 261 Ga. at 310-311 (1), much less an agreement entered into by all the principal owners holding them equally responsible for the indebtedness of CCE. Thus, we find no evidence of part performance in the record sufficient to remove the alleged oral agreement from the Statute of Frauds, OCGA § 13-5-30 (2). As such, the trial court did not err by granting summary judgment on Carter and Leonard's counterclaims predicated on the oral agreement.[2]

2. Carter and Leonard next contend that the trial court erred in dismissing their counterclaims based on the payment of the Valvoline settlement. Again, we disagree. The uncontradicted evidence of record shows that Quicky Lube, not Carter or Leonard, paid the settlement amount.

> In cases of joint, joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden *and one has paid more than his share*, he shall be entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction.

(Emphasis supplied.) OCGA § 23-2-71. Nothing of record shows that Carter paid any portion of the Valvoline settlement, and Leonard testified that he did not pay any portion of the same. Thus, having paid no share of the alleged joint liability, Carter and Leonard have no claim for contribution against Parish and Kingston. Accordingly, we find no error in the trial court's dismissal of the counterclaims predicated on the Valvoline settlement.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[2] Because we have determined that enforcement of the alleged oral agreement is barred by the Statute of Frauds, we do not reach the separate argument raised by Parish and Kingston that enforcement is barred by the applicable statute of limitation.

DECIDED JUNE 29, 2005.

*Dupree, King & Kimbrough, Michael S. Kimbrough*, for appellants.

*Slaughter & Virgin, Frank W. Virgin*, for appellees.