A06A2469. PAYNE v. WARREN et al.
(639 SE2d 528)

BLACKBURN, Presiding Judge.

John Payne appeals the grant of summary judgment to Ellis Warren and Harold Warren (d/b/a Kings Bay Properties), contending that material issues of fact exist as to whether partial performance of an oral contract for the sale of land removes the contract from the scope of the Statute of Frauds. We disagree and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

The record shows that in May 2002, Payne and the Warrens executed a contract for the sale of five tracts of land for $2,340,000. However, by Payne's own admission, Payne failed to close on the tracts identified in the contract before the June 10, 2002 expiration date of the contract.

In July 2002, Payne met with the Warrens and discussed a possible arrangement to extend the May 2002 contract whereby Payne could continue to buy individual tracts from the Warrens according to the terms of the May 2002 written contract. A written contract was never executed to reflect these discussions; however, in

---

[5] *Gamble v. State*, 141 Ga. App. 304 (1) (233 SE2d 264) (1977).

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

August 2002, Payne did pay for and close on a previously unsold tract identified in the May 2002 contract. He then resold that tract for a profit.

In January 2003, Payne approached the Warrens with a written contract to purchase the remaining four tracts for $1,835,000, but the Warrens declined to sign it. In July 2003, Payne sued the Warrens for specific performance, alleging part performance under an oral agreement to sell the land, based on their July 2002 discussions and the May 2002 contract. After discovery, the Warrens moved for summary judgment, denying that a contract to sell the remaining tracts of land existed and arguing that the Statute of Frauds barred enforcement of any alleged oral contract. The trial court granted the Warrens' motion, giving rise to this appeal.

Payne contends that the trial court erred in granting summary judgment in that material facts exist as to whether there was sufficient performance such that the alleged July 2002 oral contract extension was not subject to the Statute of Frauds. We disagree.

Viewing the record in the light most favorable to Payne, there is evidence that in July 2002 he entered into an oral contract with the Warrens to extend the May 2002 contract. However, OCGA § 13-5-30 requires that contracts for the sale of land must be "in writing and signed by the party to be charged therewith." "The statute requires that every essential element of the sale must be expressed in the writing. A contract for the sale of land, which is partly in writing and partly in parol, is not enforceable, by reason of the statute of frauds." (Citation and punctuation omitted.) *Smith v. Cox*.[2]

However,

> [t]he provisions of Code Section 13-5-30 do not extend to the following cases: (1) When the contract has been fully executed; (2) Where there has been performance on one side, accepted by the other in accordance with the contract; (3) Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance.

OCGA § 13-5-31. Here, it is undisputed that the May 2002 contract as orally extended was not fully executed, nor did Payne fully perform his side of the agreement. Therefore, we focus on whether there has been such part performance of the contract as would render it a fraud of the Warrens if the Court did not compel a performance.

---

[2] *Smith v. Cox*, 247 Ga. 563 (277 SE2d 512) (1981).

With respect to the part performance of a parol contract described in OCGA § 13-5-31 (3), to remove the contract from the operation of the Statute of Frauds, *"the part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract."* (Emphasis supplied.) *Rose v. Cain.*[3] Here, in August 2002, Payne did close on one tract of land listed in the May 2002 contract, which he contends was partial performance pursuant to the July oral extension of the May 2002 contract. Payne did not purchase the remaining land, and the selling price for the one tract (which was not specifically set forth in the May 2002 contract) was agreed to after the July oral extension was agreed upon. Payne then profited by reselling that parcel.

However, though the August sale of the tract listed in the May 2002 contract was arguably consistent with the July oral extension of the May 2002 contract (even though the May 2002 contract and the July oral extension did not assign a price to the parcel that was sold), the August 2002 sale of one tract was not *inconsistent with the lack of an extended contract* to sell all the tracts. See *Stoker v. Bellemeade, LLC*[4] (development of some parcels not inconsistent with lack of agreement to develop an entire group of parcels); *Rose v. Cain,* supra, 247 Ga. App. at 484 (3) (possession and monthly rent payments by purported buyer not inconsistent with lack of a contract to sell property); *Studdard v. George D. Warthen Bank*[5] (lending $40,000 was not inconsistent with lack of a contract to lend $120,000). After the expiration of the May 2002 contract, nothing prevented Payne from negotiating a separate price and buying parcels piecemeal from the Warrens, as Payne did in August 2002. In fact, since the expired contract itself contemplated the sale of all five tracts for a single amount, the August closing of one tract for a lower price determined after the expiration of the contract was a predictable alternative in the absence of an enforceable contract for the sale of the entire parcel of land.

Furthermore, nothing about the *terms* of the August transaction was inconsistent with the absence of an extended contract. Payne's August 2002 purchase was by all accounts an arm's length transaction, the price of which was negotiated at the time. Payne obtained the full benefit of his bargain with respect to the August 2002 sale,

---

[3] *Rose v. Cain,* 247 Ga. App. 481, 484 (3) (544 SE2d 453) (2001).

[4] *Stoker v. Bellemeade, LLC,* 272 Ga. App. 817, 821 (2) (615 SE2d 1) (2005), rev'd on other grounds, *Bellemeade, LLC v. Stoker,* 280 Ga. 635 (631 SE2d 693) (2006).

[5] *Studdard v. George D. Warthen Bank,* 207 Ga. App. 80 (1) (427 SE2d 58) (1993).

and he profited from the resale of the parcel he purchased. Accordingly, no evidence showed that Payne's August 2002 closure on one tract of land resulted in a fraud.

Finally, Payne argues that his efforts in obtaining a wetlands study and requesting from the bank (on behalf of the Warrens) a lower interest rate on the Warrens' loan also demonstrate his part performance. However, "[t]hat part performance which will remove a contract from the statute of frauds refers to performance of the provisions of the contract and not to acts done by one because of his belief in and reliance on the agreement." (Punctuation omitted.) *Zappa v. Basden.*[6] As the wetlands study and interest rate negotiation were not a part of the contract, they are not evidence of Payne's alleged partial performance. "Accordingly, we find no evidence of part performance sufficient to remove the alleged oral agreement from the Statute of Frauds." *Stoker v. Bellemeade, LLC*, supra, 272 Ga. App. at 821 (2).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2006 — ▇▇▇▇▇▇▇

*James E. Stein*, for appellant.
*Stephen L. Berry*, for appellees.

[6] *Zappa v. Basden*, 188 Ga. App. 472, 476 (373 SE2d 246) (1988).
[1] OCGA § 16-7-1.