## A08A0588. HERNANDEZ v. CARNES.
(659 SE2d 925)

BLACKBURN, Presiding Judge.

In a dispute over an installment contract to purchase land, buyer Juan Hernandez appeals the denial of his motion for partial summary judgment and the grant of summary judgment to seller Anthony Carnes, contending that the trial court erred in ruling that a subsequent oral agreement to temporarily suspend payments under the written installment contract was unenforceable. For the reasons that follow, we reverse the grant of summary judgment to Carnes, affirm the denial of partial summary judgment to Hernandez, and remand.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that, in September 2001, Hernandez entered into a written agreement assigning him the buyer's interest in a written installment contract for the purchase of commercial property.[2] (His predecessor had begun paying installments in 1995.) From September 2001 to December 2003, Hernandez made monthly amortized payments toward the $53,900 purchase price plus 9.5 percent interest charged under the contract.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] The record copy of the underlying written agreement between Hernandez's predecessor and Carnes and his co-owners appears to be missing pages, including the signature page. However, the record does contain the assignment agreement, which references the underlying agreement and is signed by all parties. The written terms of the underlying agreement are not disputed.

The installment contract required the buyer to make additional payments to the seller for property taxes, based on tax bills which the seller was required to provide to the buyer 30 days in advance of their due date. The seller was also required to exhibit the receipted bill to the buyer. If the buyer failed to make a timely tax payment to the seller, the seller was authorized to pay the taxes and charge the buyer 9.5 percent interest on the tax payment.

Despite these contractual provisions, in practice, Carnes made no tax payments and Hernandez paid the taxes directly to the City of Cedartown for the years 2001 and 2002 (as well as back taxes for 1998 to 2000). In 2003, Hernandez attempted to make the annual tax payment but learned that the City had mistakenly misallocated his tax payments and, in 2002, had held a tax sale due to failure to pay taxes for the years 1998 to 2001. Hernandez informed Carnes of the tax sale, and the two orally agreed that Hernandez did not need to make further payments until Carnes's title to the property was resolved. In return, Hernandez agreed to hire an attorney to approach the City to have title returned to Carnes. During the time title was in question, Hernandez did not use the commercial property and did not make installment payments to Carnes. After investigating Hernandez's payments, the City admitted its mistake, and in 2005 the tax sale purchaser executed a quitclaim deed transferring title back to Carnes. Upon learning that title had been restored to Carnes, Hernandez attempted to resume his monthly payments, which Carnes refused and instead would only accept as rent, citing Hernandez's nonpayment during the period Carnes did not have title.

Hernandez filed suit seeking damages and specific performance under the contract, and Carnes moved for summary judgment arguing that Hernandez's failure to pay under the contract was a breach and that the alleged subsequent oral agreement was unenforceable and therefore did not relieve Hernandez of his obligation to pay under the contract. Hernandez moved for partial summary judgment on the issue of Carnes's liability for breach of contract. After considering the parties' briefs and affidavits, the trial court granted Carnes's motion and denied Hernandez's, giving rise to this appeal.

Hernandez contends that the trial court erred in refusing to enforce the alleged oral agreement that he could suspend payments until he hired an attorney to resolve the tax issue. We agree.

It is undisputed that Hernandez stopped making payments in December 2003, and based on this, Carnes argues that Hernandez breached the contract and released Carnes from performance. Hernandez points to an alleged oral agreement by both men allowing Hernandez to suspend payment while the tax issue was resolved. Indeed, in addition to Hernandez's deposition testimony that such an agreement existed, Carnes's own deposition admits that he believed

the attorney hired by Hernandez "was going to represent me to make me back whole with the property where [Hernandez] and I could go back into our contract and keep everything going." Construed in the light most favorable to Hernandez, this is evidence of the existence of the oral agreement alleged by Hernandez.[3]

Despite the evidence that an oral agreement existed, Carnes argues that the statute of frauds renders the oral agreement unenforceable. Normally, under OCGA § 13-5-30 (4), contracts for the sale of land, as the one here, must be in writing.

> [However, w]here the statute of frauds requires a contract to be in writing, an alleged oral modification of it is ineffective *unless the oral agreement falls within an exception to the operation of the statute of frauds.* OCGA § 13-5-31 [(2)] provides such an exception where there has been part performance of the alleged oral agreement sufficient to remove it from the operation of the statute of frauds.

(Citation omitted; emphasis supplied.) *White v. Orton Indus.*[4] See *Smith v. Cox*[5] (part performance authorized enforcement of parol contract).

Here, pursuant to the alleged oral agreement, Hernandez procured and paid for the services of an attorney who restored title to Carnes. According to the oral agreement, in exchange, Hernandez was not required to pay Carnes during this time period. Hernandez averred in an affidavit that as soon as he became aware that title had been restored to Carnes, he tendered payment in accordance with the installment contract.[6] Therefore, construed most favorably to Hernandez, there is evidence that Hernandez fully performed his obligations under the oral agreement, and that Carnes accepted the benefit of such performance.

Nor was Hernandez's conduct consistent with the lack of an agreement, as nothing in the written contract otherwise required the

---

[3] This evidence is not violative of the parol evidence rule, OCGA § 24-6-1, which addresses attempts to vary the meaning of a written contract through prior or contemporaneous parol statements not made a part of a written contract. "Although parol evidence of a prior or contemporaneous oral agreement is generally inadmissible to contradict or vary the terms of a valid written contract, a subsequent oral agreement may be proved by parol evidence if such agreement is supported by adequate consideration." (Citations omitted.) *American Century Mtg. Investors v. Bankamerica Realty Investors*, 246 Ga. 39, 41 (2) (268 SE2d 609) (1980).

[4] *White v. Orton Indus.*, 224 Ga. App. 342, 343 (480 SE2d 620) (1997).

[5] *Smith v. Cox*, 247 Ga. 563, 564 (277 SE2d 512) (1981).

[6] Carnes disputes that Hernandez's tender was timely, but this merely creates a factual issue, and, on appeal from the grant of summary judgment, we construe the facts in favor of the nonmoving party, Hernandez. See *Matjoulis v. Integon Gen. Ins. Corp.*, supra, 226 Ga. App. at 459 (1).

buyer to ensure that the property remained unencumbered. See *Payne v. Warren*[7] ("the part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract") (punctuation and emphasis omitted). Thus, Hernandez's procurement of title was an additional obligation that he undertook pursuant to the oral agreement. Under these circumstances, the trial court erred in ruling that the oral agreement was unenforceable as a matter of law, in that Hernandez has shown evidence of part performance, entitling him to reach a jury as to that question. *Smith v. Cox*, supra, 247 Ga. at 565 ("[i]t is a question for the jury as to whether there was part performance when the evidence tends to prove such performance") (punctuation omitted).

We also address the trial court's ruling that the written contract's merger clause prohibited a subsequent oral modification. The contract provided that "[b]oth the Buyer and the Sellers agree that this Contract constitutes the sole and only agreement between them respecting said property and correctly sets forth their obligations to each other *as of its date*." (Emphasis supplied.) (The contract did not contain a requirement that modifications be in writing.) By its own terms, this provision addressed other agreements, if any, made on or before the execution of the contract. It did not prohibit modifications made by mutual agreement after the date of execution.

> The purpose of a merger clause is to preclude any unilateral modification of a written contract through evidence of pre-existing terms which were not incorporated therein. It is clear, however, that the modification of a contract may be accomplished by a subsequent mutual agreement of all the parties thereto.

(Citation omitted.) *Thomas v. Garrett*.[8] Accordingly, as the record contains evidence that a subsequent agreement was reached, the trial court erred in ruling that the agreement was barred by the merger clause.[9]

In light of the evidence of Hernandez's part performance of a subsequent oral agreement that was not barred by the merger clause, the trial court erred in granting summary judgment to Carnes. In light of the remaining jury questions as to part performance of the

---

[7] *Payne v. Warren*, 282 Ga. App. 524, 526 (639 SE2d 528) (2006).

[8] *Thomas v. Garrett*, 265 Ga. 395, 396 (1) (456 SE2d 573) (1995).

[9] The record shows that Hernandez apparently only dealt with Carnes and that Carnes could have had other co-owners at the time of the oral agreement. Whether Carnes did have other co-owners at the time of Hernandez's agreement or whether Carnes agreed on behalf of all the owners are factual questions to be resolved in the trial court.

oral agreement, the trial court did not err in denying Hernandez's motion for partial summary judgment. We therefore affirm in part, reverse in part, and remand the case to the trial court.

*Judgment affirmed in part, reversed in part, and case remanded. Miller and Ellington, JJ., concur.*

DECIDED APRIL 3, 2008.

*Jeffrey W. Duncan*, for appellant.
*John S. Husser*, for appellee.