**FIFTH DIVISION
MCFADDEN, P. J.,
MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 17, 2019**

# In the Court of Appeals of Georgia

A19A0483. BODIFORD v. WALTZ et al.

McFADDEN, Presiding Judge.

In this action seeking to enforce an alleged oral agreement conveying an interest in land, the trial court granted summary judgment in favor of the defendants, finding, among other things, that such an oral agreement is unenforceable under the Statute of Frauds. Because the trial court correctly found that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law, we affirm.

1. *Facts and procedural posture.*

"Summary judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all

reasonable inferences construed in the light most favorable to the nonmoving party." *Parke Town North Apartments v. Castro*, ___ Ga. App. ___ (1) (824 SE2d 730) (2019) (citation and punctuation omitted).

So construed, the evidence shows that Harold Fail owned 26.68 acres of land on the Savannah River known as Ebenezer Landing, where he operated a public boat ramp and parking lot. In March 1999, Fail and Steve Bodiford entered into an oral agreement whereby Bodiford would reside on the property; manage the operation of Ebenezer Landing; maintain and improve the property as needed; use money collected from the boat ramp and parking lot to pay all necessary expenses, including taxes; use his own money to pay excess expenses if the money collected was insufficient; and equally split the remaining profits with Fail. According to Bodiford, the oral agreement also provided that he would receive a one-third undivided interest in Ebenezer Landing and/or one third of the net proceeds upon the sale of Ebenezer Landing.

Bodiford resided on and managed the operation of Ebenezer Landing until Fail's death in September 1999. In his last will and testament, Fail left Ebenezer Landing to his two children, Jimmy Fail and Sandra Waltz. After Fail's death, his children verbally agreed to let Bodiford continue living on, managing, and sharing

in the profits of Ebenezer Landing, which Bodiford continued to do for approximately 16 years. In August 2015, Jimmy Fail served Bodiford with notice to vacate the property.

In June 2016, Bodiford filed the instant action seeking to enforce the alleged March 1999 oral agreement with Harold Fail purportedly giving Bodiford an interest in Ebenezer Landing. The defendants moved for summary judgment.[1] The trial court granted the motion, finding, among other things, that the alleged oral agreement concerning an interest in lands was unenforceable under the Statute of Frauds. Bodiford appeals.

2. *Statute of Frauds.*

"Under OCGA § 13-5-30 (4), Georgia's Statute of Frauds, a contract 'for sale of lands, or any interest in, or concerning lands' must be 'in writing and signed by the party to be charged therewith.'" *Dobson v. Matt Owens Logging*, 326 Ga. App. 879, 881 (755 SE2d 374) (2014). Accord *Zhong v. PNC Bank, NA*, 345 Ga. App. 135, 146 (3) (b) (i) (812 SE2d 514) (2018) (Statute of Frauds requires that contracts for an

---

[1]Sandra Waltz and Jimmy Fail are both deceased and survived by their respective spouses, Ronald Waltz and Tressa Fail. Pursuant to a consent order substituting parties, the named defendants in the case are now Ronald Waltz and Tressa Fail, as co-administrators of the estate of Harold Fail, and Ronald Waltz as the executor of the estate of Sandra Waltz.

interest in or concerning lands be in writing). "Such a writing must include every essential element of the contract, including the identity of the parties, a legally adequate description of the property, the consideration, and the terms of payment." *Estate of Ryan v. Shuman*, 288 Ga. App. 868, 871 (1) (655 SE2d 644) (2007) (citation omitted).

In the instant case, it is undisputed that no such writing exists. As Bodiford concedes in his appellate brief, "this case involves an alleged oral agreement involving an interest in land, not a written contract." Nevertheless, he argues that the alleged oral agreement is still enforceable under the part performance exception to the Statute of Frauds set forth in OCGA § 13-5-31 (3). "Under that part performance exception, the writing requirement of the Statute of Frauds is inapplicable 'where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance.' OCGA § 13-5-31 (3)." *Carter v. Parish*, 274 Ga. App. 97, 99 (1) (616 SE2d 877) (2005). See also *Troutman v. Troutman*, 297 Ga. App. 62, 65 (1) (676 SE2d 787) (2009) (Statute of Frauds does not extend to cases where there has been part performance of the contract that would render it a fraud if performance of the refusing party were not compelled). However, an oral "contract sought to be enforced based on part performance must be

4

certain and definite in all essential particulars." *Troutman*, supra (citation and punctuation omitted). "To be valid, an agreement to convey an interest in land must be certain enough to enable either party to enforce it according to its terms." *Lemming v. Morgan*, 228 Ga. App. 763, 764 (1) (492 SE2d 742) (1997).

> The alleged oral agreement [conveying an interest in land] in this case was not sufficiently certain or definite to be enforceable. The agreement [Bodiford] seeks to enforce had no specific provisions regarding when transfer of title, division of proceeds, or sale of the propert[y] was to take place; . . . [or] how, when or by whom it would be decided whether the propert[y] would be sold. . . . The fact that [Bodiford] may have performed his obligations under the purported agreement does not require a different outcome.

Id. at 764-765 (1).

"With respect to the part performance of a parol contract described in OCGA § 13-5-31 (3), to remove the contract from the operation of the Statute of Frauds, *the part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract.*" *Payne v. Warren*, 282 Ga. App. 524, 526 (639 SE2d 528) (2006) (citation and punctuation omitted; emphasis in original). Here, while Bodiford's operation of Ebenezer Landing and his sharing in expenses and profits of the operation may have been consistent with the presence of the alleged oral contract, such performance was not inconsistent with *lack* of a contract conveying an

5

interest in the property to him. See *Carter*, supra at 100 (1) (plaintiff's actions were not inconsistent with the lack of the alleged oral contract).

We note that Bodiford has claimed that he also agreed to make improvements to the property and sometimes help pay property taxes. But he has not identified any such purported improvements or tax payments in his appellate brief, or cited any specific evidence in the record. He has cited to over 500 pages of ledgers, most of which are handwritten, which he generally claims reflect his performance under the contract. "It is not the duty of this court to cull the record on a party's behalf to locate information or facts in support of a party." *Cook v. Smith*, ___ Ga. App. ___ (4) (825 SE2d 439) (2019) (citation and punctuation omitted). Under these circumstances, Bodiford has failed to present any "evidence of part performance sufficient to remove the alleged oral agreement from the Statute of Frauds. The [defendants were thus] entitled to summary judgment in their favor . . . because the alleged oral agreement was unenforceable under the Statute of Frauds." *Stoker v. Bellemeade, LLC*, 272 Ga. App. 817, 821 (2) (615 SE2d 1) (2005), reversed in part on other grounds, *Bellemeade, LLC v. Stoker*, 280 Ga. 635 (631 SE2d 693) (2006). See also *Payne*, supra at 527.

3. *Other enumerations.*

6

Given our holding above, we need not reach the remaining enumerations of error.

*Judgment affirmed. McMillian and Goss, JJ., concur.*