A04A0324. DIEGERT et al. v. CEDARBROOK HOMES, INC.
(599 SE2d 211)

BLACKBURN, Presiding Judge.

Following a bench trial in this action by Cedarbrook Homes, Inc. for breach of contract and to enforce a materialman's lien on the home of Daniel S. Diegert and Edith M. Diegert, the Diegerts appeal the trial court's denial of their motion to set aside the judgment and its grant of a new trial on the issue of quantum meruit recovery, contending that the trial court erred by: (1) granting a new trial despite its finding that insufficient evidence of quantum meruit damages had been shown by Cedarbrook Homes at trial; and (2) preventing the Diegerts from re-litigating a counterclaim for faulty construction in the new trial. For the reasons set forth below, we must vacate the trial court's order and remand this case with direction.

The record shows that, while Cedarbrook Homes was in the process of constructing a home for the Diegerts, a dispute arose and construction stopped. Cedarbrook Homes subsequently filed a materialman's lien against the Diegerts' new home because it had not been paid for its work. The Diegerts disputed Cedarbrook's lien. In the ensuing bench trial, Cedarbrook sought to have its lien enforced, and the Diegerts counterclaimed, arguing that Cedarbrook's work was faulty. Both sides also alleged breach of contract. After hearing arguments, the trial court determined that, although there was no valid contract between the parties or an enforceable lien, Cedarbrook Homes was entitled to quantum meruit damages, interest, and attorney fees.

Following this ruling, Cedarbrook Homes filed a motion for new trial on the subject of attorney fees, claiming that the amount that had been awarded was insufficient. The Diegerts, in turn, filed a motion for new trial in which they requested the trial court to set aside the judgment due to insufficient evidence of quantum meruit damages or, in the alternative, to grant a new trial. In making their motion to set aside the judgment, the Diegerts pointed out to the trial

court that it had employed an inappropriate measure for determining quantum meruit damages and that insufficient evidence of the appropriate measure of damages had been introduced at the bench trial. In the alternative, the Diegerts argued that, if the trial court found that sufficient evidence had been presented, a new trial on the issue of damages was warranted.

In response to the parties' motions the trial court ruled:

> This Court applied a legally incorrect measure of damages in determining the amount of quantum meruit damages. A review of the record indicates that there is insufficient evidence to determine the value of the improvements to the [Diegerts]. Therefore, the Defendant's Motion for New Trial as to the issue of whether [Cedarbrook Homes] should recover under its theory of quantum meruit is granted.

This ruling, as written, appears to be internally inconsistent. Proof of "the reasonable value of services rendered to and accepted by [a defendant is] an element essential to recovery on a quantum meruit basis." *Development Corp. of Ga. v. Berndt.*[1] Furthermore, the reasonable value which the provider is entitled to recover in quantum meruit is not the value of the labor but the value of the benefit resulting from such labor to the recipient; if there is no benefit to the recipient, then there is no recovery for something of no value to the recipient.[2] The transcript shows that the Diegerts argued this point to the trial court in their closing argument.

Thus, in a case such as this one, the plaintiff cannot recover in quantum meruit if it presents insufficient evidence of the value of the benefit it conferred on the defendant. And, if insufficient evidence is presented by a plaintiff during trial on the matter, a judgment in favor of the defendant on the quantum meruit claim is required.

Applying these principles to the matter at hand, the trial court cannot state that the evidence presented by Cedarbrook Homes on the matter of its quantum meruit claim was insufficient and then purport to grant the Diegerts' motion for new trial on the matter. If the evidence is insufficient, the trial court must rule in favor of the Diegerts on this claim, not allow it to be re-litigated. If on the other hand, the trial court meant to rule that there was some evidence of quantum meruit damages, a new trial might be justified. Due to the inconsistency on the face of the trial court's order, we must vacate such order and remand this case to the trial court to re-issue its ruling

---

[1] *Development Corp. of Ga. v. Berndt*, 131 Ga. App. 277 (205 SE2d 868) (1974).
[2] See OCGA § 9-2-7.

in accordance with the law as set forth in this opinion. Based on this ruling, the Diegerts' motion to dismiss is moot.

*Judgment vacated and case remanded. Barnes and Mikell, JJ., concur.*

DECIDED APRIL 21, 2004 —
RECONSIDERATION DENIED MAY 6, 2004 —

*Gary C. Harris,* for appellants.
*Miles, McGoff & Moore, Larry A. Pankey, Kevin J. McDonough,* for appellee.