**March 30, 2016**

# In the Court of Appeals of Georgia

A15A1681. THE EICHHOLZ LAW FIRM, P. C. v. TATE LAW
GROUP, LLC et al.

BRANCH, Judge.

This is the second appearance of this case before this Court. In *Eichholz Law Firm, P. C. v. Tate Law Group, LLC*, 310 Ga. App. 848 (714 SE2d 413) (2011) ("*Eichholz I*"), we affirmed the partial grant of summary judgment to defendant Tate Law Group ("the Tate firm") on the suit of plaintiff The Eichholz Law Firm, P. C. ("the Eichholz firm") to enforce fee-splitting agreements arising from the firms' joint venture to represent clients in oral sodium phosphate ("OSP") product liability actions. In affirming the partial grant of summary judgment, we held that although the Eichholz firm could not enforce the fee-splitting agreements themselves, the Eichholz firm could seek recovery in quantum meruit for services it provided to the Tate firm

pursuant to the joint venture. Id. at 853 (1). On remand, the Tate firm moved for summary judgment on this issue, arguing inter alia that the Eichholz firm had failed to provide any evidence of the reasonable value of its services. On appeal from the grant of the Tate firm's motion, the Eichholz firm argues that a question of fact remains on its quantum meruit claim. We disagree and therefore affirm.

As we noted in *Eichholz I*, Benjamin Eichholz and Mark Tate agreed in February 2009 to provide joint representation to clients in product liability actions involving OSP. In August 2009, however, Benjamin Eichholz "was indicted in federal court for various offenses." 310 Ga. App. at 849-450. As a result of Benjamin Eichholz's indictment, the OSP clients decided to discharge both Eichholz and his firm and to be represented only by Tate and his firm. Id. On remand from our decision affirming the partial grant of summary judgment as to the Eichholz firm's contract claim, the Tate firm moved for summary judgment on the quantum meruit claim on the grounds that the Eichholz firm had unclean hands, was not entitled to an equal share of any fees because its work was limited to client origination, and had not produced any evidence of reasonable value in support of its claim. The Eichholz firm responded that the Tate firm also had unclean hands and that without the Eichholz firm's initial work, including the request and review of clients' medical records, the

2

Tate firm would never have received any portion of the fees eventually collected. The trial court granted summary judgment to the Tate firm on the grounds that the Eichholz firm had "failed to show any legal services it provided that would advance the clients['] claim" and had failed to notify the clients of any fee-sharing arrangement. This appeal followed.

As a preliminary matter, we note the parties' continuing dispute over the import of *Eichholz I*, in which we concluded that although the Eichholz firm was not authorized to enforce the joint venture and fee-splitting agreements between the two firms because the clients terminated that firm's representation "before any contingency giving rise to the fees occurred," the Eichholz firm "may seek to recover in quantum meruit for services it provided to the Tate firm pursuant to their joint venture." *Eichholz Law Firm,* 310 Ga. App. at 853 (1). We also note that the question of the extent of fees recoverable pursuant to contingency and fee-sharing agreements remains to be answered in full. See, e. g., *Tolson v. Sistrunk*, 332 Ga. App. 324, 334 (772 SE2d 416) (2015) (discussing *Eichholz*, and holding that "[o]rigination or procurement of a case – in other words, rainmaking – is *not* a service by an attorney that confers value upon a client or that is rendered to or for the benefit of the client.").

3

But the interest of this or other questions[1] should not distract us from the simpler issue before us – that is, whether the Tate firm was entitled to summary judgment on the Eichholz firm's quantum meruit claim because the Eichholz firm failed to produce any evidence of the reasonable value of the services it rendered to either the Tate firm or the firms' mutual clients.

As our Supreme Court has emphasized,

> a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Cowart v. Widener*, 287 Ga. 622, 623 (1) (697 SE2d 779) (2010), citing *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991) and OCGA § 9-11-56 (e).

---

[1] We also need not decide, for example, whether the Eichholz firm has unclean hands. See, e.g., *Remediation Svcs. v. Georgia-Pacific Corp.*, 209 Ga. App. 427, 433-434 (2) (433 SE2d 631) (contractor whose officer was a dual agent of both that contractor and the party hiring the contractor could pursue a quantum meruit claim against the hiring party when the contract was not void but "voidable only at the election of the defrauded [hiring party]").

Specifically, a plaintiff asserting a claim for quantum meruit must provide evidence of

> (1) his performance as agent of services valuable to the defendants; (2) either at the request of the defendants or knowingly accepted by the defendants; (3) the defendants' receipt of which without compensating claimant would be unjust; and (4) claimant's expectation of compensation at the time of the rendition of the services.

*Razavi v. Shackelford*, 260 Ga. App. 603, 605-606 (2) (580 SE2d 253) (2003) (footnote omitted). It follows from these requirements that "*[p]roof of the reasonable value of services rendered to and accepted by a defendant is an element essential to recovery on a quantum meruit basis*." *Diegert v. Cedarbrook Homes*, 267 Ga. App. 264, 265 (599 SE2d 211) (2004) (citation, punctuation and footnote omitted; emphasis supplied). Thus a defendant is entitled to summary judgment on a plaintiff's quantum meruit claim if that defendant points to an absence of evidence as to the reasonable value of the benefit conferred by that defendant on that plaintiff. Id. (vacating trial court's grant of a new trial on quantum meruit claim, and remanding for consideration of the legal question whether plaintiff had presented sufficient evidence of the benefit it had conferred on a defendant).

In the absence of an enforceable contingency fee agreement, an attorney seeking quantum meruit damages must show the number of hours the attorney worked on the matter, his hourly rate, or any other evidence sufficient to prove "the reasonable value of the attorney's services." *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436, 438 (336 SE2d 341) (1985). Although the Eichholz firm has pointed to its performance of "advertising, screening, and referral services" pursuant to the joint venture, the Eichholz firm has failed to cite any evidence on appeal as to the amount or value of the time its attorneys or workers devoted to the OSP cases at issue. On the contrary, David Eichholz admitted that his firm had not produced and could not produce any documentation as to the number of hours worked by any of his firm's employees on them. As Eichholz testified at his deposition:

Q. Is there any way for you to give me any kind of general estimation or ball park . . . as to the number of hours expended on the OSP cases?
A. No.
. . . .
Q. Now, as far as this marketing, this media campaign, how many hours did the Eichholz law firm spend on that?
A. . . . I don't know the answer – I don't know.
Q. Is there any way to figure that out?
A. I don't know.

6

Q. If you were required to figure it out, if someone told you[,] like a judge[, that] you've got to figure out the number of hours you spent on the media campaign, do you think you could do it?

A. I couldn't do it.

Q. Who could?

A. I don't know. . . .

Benjamin Eichholz also testified that he could not give "a specific amount" of money spent by his firm in gathering the OSP cases, and Karen Boutwell, the only employee of the Eichholz Firm besides Benjamin Eichholz who claims to have performed any work on the OSP cases, was unable to testify as to how much time she worked on the cases.

"We will affirm a grant of summary judgment if it is right for any reason raised below." *McPherson v. McPherson*, 307 Ga. App. 548, 550 (1) (705 SE2d 314) (2011), citing *City of Gainesville v. Dodd*, 275 Ga. 834, 836-837 (573 SE2d 369) (2002). As our Supreme Court has recently explained, "'[a] grant of summary judgment *must* be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond.'" *Georgia-Pacific, LLC v. Fields*, 293

Ga. 499, 504 (2) (748 SE2d 407) (2013) (emphasis supplied), quoting *Anderson v. Jones*, 323 Ga. App. 311, 312, n. 2 (745 SE2d 787) (2013).

The Tate firm's brief in support of its motion for summary judgment pointed out an absence of evidence as to the reasonable value of the services rendered by the Eichholz firm to either the Tate firm or the firms' mutual clients. Such evidence was an essential element of the Eichholz firm's quantum meruit claim, and the firm has cited no evidence supporting that claim or showing that it did not have a fair opportunity to respond to the Tate firm's motion. We must therefore deny the Eichholz firm's request for a second chance to gather the evidence it was required to submit before the trial court ruled on the Tate firm's motion.

*Judgment affirmed. Barnes, P. J., Ellington, P. J., McFadden, McMillian and Rickman, JJ., concur. Miller, P. J., dissents.*

A15A1681, THE EICHHOLZ LAW FIRM, PC v. TATE LAW
GROUP, LLC. ET AL.

MILLER, Presiding Judge, dissenting.

I respectfully dissent to the majority's opinion, because the Eichholz Firm has presented some evidence at the summary judgment stage to raise a question of fact for the jury with respect to the value of the services provided by the Eichholz Firm.

As the majority correctly notes, the services provided in this case by the Eichholz Firm go beyond mere rainmaking, and provided some value to the clients. The amount, if any, of fees recoverable for such services remains to be answered in full. Nevertheless, I cannot agree with the majority's conclusion that the trial court properly granted summary judgment to the Tate firm. Contrary to the majority's opinion, the Eichholz Firm was not required to prove the value of the services it provided at the summary judgment stage of these proceedings. "Questions of value are peculiarly for the determination of the jury where there is *any data* in evidence upon which [the jury] may legitimately exercise their own knowledge and ideas." (Citation omitted, emphasis supplied.) *Tolson*, at 334 (2) (b). There is evidence in the record of such data sufficient to put this case before a jury. Accordingly, I would reverse the grant of summary judgment in this case.

9