**FIFTH DIVISION**
**MCFADDEN, P.J.**
**BROWN AND MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 8, 2024**

# In the Court of Appeals of Georgia

A23A1474. CORDIAL ENDEAVOR CONCESSIONS OF ATLANTA, LLC v. GEBO LAW LLC.

McFADDEN, Presiding Judge.

Gebo Law LLC filed a verified complaint against Cordial Endavor Concessions of Atlanta, LLC, asserting that it had provided legal services to Cordial for five years without receiving payment and seeking damages under a quantum meruit theory. The trial court granted summary judgment to Gebo on the issue of liability, holding that Gebo was entitled to recover reasonable fees for legal services provided to and accepted by Cordial. The case proceeded to a jury trial on the issue of damages, and the jury returned a verdict in favor of Gebo in the amount of $1.15 million. The trial court entered judgment for Gebo in that amount, with post-judgment interest as provided by law.

Cordial appeals, claiming that the trial court erred in failing to give a jury instruction on spoliation of evidence, in refusing to allow an expert to opine about a purported ethical violation, and in entering judgment on an excessive damages award. But the court did not abuse its discretion in refusing to give a spoliation instruction or in refusing to allow an expert to opine on an irrelevant issue, and the jury's award was within the range of damages shown by the evidence. So we affirm the trial court's judgment.

1. *Spoliation*

Cordial claims that the trial court erred in denying its motion for a jury instruction as a remedy for Gebo's alleged spoliation of evidence. We disagree.

> The term "spoliation" is used to refer to the destruction or failure to preserve evidence that is relevant to contemplated or pending litigation. Such conduct may give rise to the rebuttable presumption that the evidence would have been harmful to the spoliator. However, in order for the injured party to pursue a remedy for spoliation, [including a jury charge on the rebuttable presumption,] the spoliating party must have been under a duty to preserve the evidence at issue.

*Phillips v. Harmon*, 297 Ga. 386, 393-394 (II) (774 SE2d 596) (2015) (citations and punctuation omitted). Accord *Cowan Systems v. Collier*, 361 Ga. App. 823, 825 (865 SE2d 619) (2021). "[T]he duty to preserve relevant evidence must be viewed from the

perspective of the party with control of the evidence and is triggered not only when litigation is pending but when it is reasonably foreseeable to that party." *Phillips*, supra at 396 (II).

The evidence at issue in this case consists of notes made by Gebo's sole member, attorney Carl Gebo, detailing the date, length of time, and description of legal services that had been provided to Cordial. In an affidavit, Carl Gebo explained that it was his practice to create detailed invoices based on those notes, after which he would discard the notes. He further swore that when he discarded the notes in this case, he believed payment would be forthcoming from Cordial, who had repeatedly assured him that it would pay and had confirmed a payment plan, so he did not contemplate or anticipate any litigation. Gebo eventually filed suit only after the invoices had been provided to Cordial and there had been months of unsuccessful discussions concerning payment.

The trial court was thus authorized to conclude that when viewed from Gebo's perspective, a duty to preserve the notes was not triggered because no litigation was contemplated at the time the notes were discarded after they had been used to create invoices pursuant to Gebo's normal practice. Indeed, for a "plaintiff, the duty [to

preserve evidence] arises when that party contemplates litigation, inasmuch as litigation is obviously foreseeable to the plaintiff at that point." *Phillips*, supra. See also *Cooper Tire & Rubber Co. v. Koch*, 303 Ga. 336, 341 (2) (c) (812 SE2d 256) (2018) ("because the plaintiff generally controls whether and when litigation will be pursued, spoliation claims involving a plaintiff's duty to preserve will more frequently and easily be resolved based on actual knowledge of litigation than will claims aimed at defendants").

We note that Cordial claims there is other evidence purportedly showing that Gebo could have reasonably foreseen litigation. But any such conflicts in the evidence were matters for the trial court to resolve and "this [c]court will uphold [the trial court's] findings if there is any evidence to support them[.]" *Cowan Systems*, supra at 823 (citation and punctuation omitted). Since there was evidence that Gebo did not contemplate litigation when following its practice of discarding notes after memorializing them in invoices, the trial court did not abuse its discretion in denying Cordial's spoliation motion. "A trial court has wide discretion in adjudicating spoliation issues, and we will not disturb the trial court's judgment absent an abuse of discretion." *Anthem Cos. v. Wills*, 305 Ga. 313, 315 (2) (823 SE2d 781) (2019).

4

2. *Expert testimony*

Cordial contends that the trial court erred in precluding its expert from opining about Gebo's purported violation of Georgia Rule of Professional Conduct 1.5 (b), which concerns communication with a client about the basis or rate of fees and expenses. But Cordial has failed to show that the court abused its discretion in finding that such testimony was irrelevant and thus inadmissible.

> Whether expert testimony ought to be admitted under OCGA § 24-7-702 is a question committed to the sound discretion of the trial court. We will not disturb the trial court's determination absent a manifest abuse of discretion. OCGA § 24-7-702 governs the admissibility of expert testimony, and it requires that the trial court act as gatekeeper to ensure the relevance and reliability of expert testimony.

*Allen v. CFYC Construction*, 354 Ga. App. 890, 892 (1) (842 SE2d 297) (2020) (citations and punctuation omitted). "In determining whether the expert's testimony is relevant, the trial court must consider the fit between the expert testimony and the issues in dispute. Expert testimony is helpful to the trier of fact only to the extent that the testimony is relevant to the task at hand and logically advances a material aspect of the case." Id. at 893 (1) (citation and punctuation omitted).

In the instant case, Cordial's liability was decided on summary judgment and that ruling has not been challenged on appeal. In considering the proffered expert

5

testimony, the trial court found that such an opinion regarding an alleged ethical violation of Rule 1.5 (b) was not relevant to the sole issue of damages that was before the jury under Gebo's quantum meruit theory — "the value Cordial received from Gebo's services." As the trial court recognized, "Proof of the reasonable value of services rendered to and accepted by a defendant is an element essential to recovery on a quantum meruit basis. . . . [T]he reasonable value which the provider is entitled to recover in quantum meruit is not the value of the labor but the value of the benefit resulting from such labor to recipient." *Diegert v. Cedarbrook Homes*, 267 Ga. App. 264, 265 (599 SE2d 211) (2004) (citations and punctuation omitted). Thus, we cannot say that the trial court abused its discretion in concluding that an expert opinion as to whether Gebo had committed an ethical violation of Rule 1.5 (b) was irrelevant because it did "not fit the sole issue to be determined, i. e., the value of the benefit received by Cordial[.]"

We note that Cordial makes an additional argument that if the trial court had admitted the expert testimony it could have requested a jury charge based on language from a treatise on laws governing lawyers. But Cordial did not raise this argument below. "An argument not raised in the trial court is waived and cannot be raised for

6

the first time on appeal." *Hawkins v. Blair*, 334 Ga. App. 898, 902 (3) (a) (780 SE2d 515) (2015) (citation and punctuation omitted).

3. *Damages*

Cordial claims that the damages award was excessive and requires a new trial. We disagree.

"The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case." OCGA § 51-12-12 (a).

> Moreover, an excessive or inadequate verdict is a mistake of fact rather than of law and addresses itself to the discretion of the trial judge, who, like the jury, saw the witnesses and heard the testimony. In fact, the trial court's approval of the verdict creates a presumption of correctness which is not to be disturbed absent compelling evidence. . . . While trial courts have discretionary powers to set aside verdicts based on an analysis of the evidence they observed as described in OCGA § 51-12-12, appellate review is confined to the question of whether the trial court abused its discretion in deciding the motion for new trial on this ground.

*Rockdale Hosp. v. Evans*, 306 Ga. 847, 851 (2) (a), (b) (834 SE2d 77) (2019) (citations and punctuation omitted).

Cordial has failed to show that the trial court abused its discretion in approving the verdict and entering final judgment on the jury's award of $1.15 million. As noted in Cordial's brief, the award equates to a fee rate of approximately $630 per hour for the services provided by Gebo. That rate was within the range of evidence presented at trial, including expert testimony that rates in the range of $500 to $800 per hour are often billed for the types of services which Cordial received from Gebo. "[W]e cannot say that the trial court, who saw the witnesses and heard the testimony, abused its discretion in [approving the verdict]." *Ga. Trails & Rentals v. Rogers*, 359 Ga. App. 207, 221 (5) (855 SE2d 103) (2021).

*Judgment affirmed. Brown and Markle, JJ., concur.*